## (February 1, 1965)

■ In the Matter of DOROTHY C. BROWN, et al., Appellants, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents.— HERLIHY, J. P. Appeal from an order which denied petitioners' motion to set aside a determination of the Commissioner of Education. The petitioners are the parents of school age children residing in the Rhinebeck Central School District No. 1. These children attend a parochial school located more than 10 miles from their home, which is the closest parochial school to the petitioners' home albeit *located outside of the Rhinebeck School District.* The school district provides transportation for pupils attending public schools *within the school district,* but living further from the nearest school than the petitioners' children. The Commissioner found that it was more than 10 miles from the petitioners' residence to the nonpublic school involved and dismissed the appeal since "a school district is not required to furnish transportation to children attending a non-public school located outside of the district where such school is located more than ten miles from the residence of the child and where the district is furnishing no other transportation to a child attending another school located outside of the district". Special Term found that a sharp factual issue was present as to whether the transportation involved was more than 10 miles, but that the Commissioner's decision, pursuant to section 310 of the Education Law, was final and conclusive and that the school district did not transport other children, in like circumstances, in excess of 10 miles. The sole issue on this appeal is whether the Commissioner's interpretation of section 3635 of the Education Law, captioned "Transportation", is arbitrary. The section, as pertinent here, provides, after stating the minimum and maximum transportation requirements, that transportation *may* be provided for more than 10 miles and if provided, shall be offered equally to all children *in like circumstances* residing in the district. The statute also applies "in the case of a child attending a parochial school of his denomination ✻ ✻ ✻ to or from the nearest available parochial school of such denomination". There is no prohibition against the school district voluntarily transporting the petitioners' children, if it so elects, but there is no mandate under the statute which requires such service. There is little room for argument that a child, attending any school outside the district, is not *in like circumstances* to a child attending a school within the district. The fact that the parochial school involved is the nearest available to the petitioners' home is not controlling under these existing circumstances. Order affirmed, without costs. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

■ In the Matter of CATHERINE C. TOYE, Appellant, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents. — HERLIHY, J. P. Order affirmed, without costs. (See *Matter of Brown* v. *Allen,* 23 A D 2d 591.) Reynolds, Taylor, Aulisi and Hamm, JJ., concur.