George M. Fanelli, J.
This is an article 78 CPLR proceeding in the nature of mandamus directing respondent to furnish transportation for petitioner’s seven-year-old, second-grade son to and from a public parochial school (Our Lady of Perpetual Help) located in Ardsley, New York, which is outside of the school district in which he resides.
Petitioner resides in Hartsdale School District No. 7 in the Town of Greenburgh and her son presently attends Our Lady of Perpetual Help School in Ardsley, New York. She seeks to compel respondent Hartsdale School Board District No. 7 to furnish transportation for her son to and from that public Boman Catholic parochial school which is not located in District *131 No. 7, despite the fact that there is another parochial school (Sacred Heart) located in said District No. 7.
This proceeding was previously before Mr. Justice Gagliardi on a motion by respondent to dismiss the petition upon the grounds (1) that petitioner had failed to exhaust her administrative remedies by failing to first appeal to the Commissioner of Education; and (2) that the petition was legally insufficient. Mr. Justice Gagliardi, in a memorandum decision dated November 16, 1965, held that petitioner was not required, as a condition precedent, to appeal to the Commissioner of Education before commencing this article 78 proceeding. He held that since this proceeding involved not a question of the exercise of discretion on the part of the Commissioner, but rather, the question of an alleged illegal interpretation of a statute, the Supreme Court was authorized to entertain and determine the proceeding. Mr. Justice Gagliardi did, however, dismiss the petition with leave to replead upon the ground that it was factually insufficient. Neither side has taken an appeal from the order entered upon such decision, and, consequently, this court, being a court of co-ordinate jurisdiction, cannot review such determination, which is now the “ law of the case ” (Walker v. Gerli, 257 App. Div. 249, 251).
The material facts alleged in the amended petition are not in dispute.
Subdivision 1 of section 3635 of the Education Law requires a school district to transport children attending grades kindergarten through 8 who live more than two miles from the school they legally attend. The distance is increased to more than three miles for children attending grades 9 through 12. A pertinent exception, however, is found to exist between private and parochial schools, which reads as follows: “Nothing contained in this subdivision, however, shall be deemed to require a school district (i) to furnish transportation to a child directly to or from his home, or (ii) in the case of a child attending a parochial school of his denomination, to furnish transportation except to or from the nearest available parochial school of such denomination” (emphasis supplied).
In the proceeding at bar, it is undisputed that Our Lady of Perpetual Help ¡School in Ardsley, while not in petitioner’s School District No. 7, is, nevertheless, somewhat nearer geographically -to her home than the other parochial school of the same denomination — ¡Sacred Heart School (approximately 3,000 feet — 0.56 of a mile; note: answer does not deny allegations contained in paragraphs 9 and 10 of the amended petition). It is further undisputed that respondent district does *132 provide transportation for a lesser distance than two miles in the case of children attending grades kindergarten through 8 (note: answer does not deny the allegations contained in paragraph 11 of the complaint).
The remaining and all-important question, however, in this proceeding is whether Our Lady of Perpetual Help School is the “nearest available” parochial school to petitioner’s son within the meaning of the afore-mentioned subdivision 1 of section 3635 of the Education Law. Again, it is undisputed that petitioner’s son has been denied admission to the parochial school of Sacred Heart for the reason that there are no vacancies available in grade 2 of said school. However, despite the afore-mentioned facts, respondent has been advised by Counsel to the State Education Department, and, accordingly takes the position in keeping with the opinions of the Commissioner of Education, that where transportation is requested to a parochial school outside the district, the parent making such request must show that the parochial school located in the district is not “ available ” because it is filled to capacity with residents of the district. In other words, respondent urges that since a second-grade class is unavailable to petitioner’s son in the Sacred Heart School (in his own district) because it is overcrowded and filled with pupils who do not exclusively reside within said district, then it cannot be said that the Sacred Heart School is not “ available ” to petitioner’s son. Such overcrowding, it is argued, is due to the attendance of pupils who reside outside the district and not because of its own pupils. Respondent further argues that the Sacred Heart School is available to petitioner’s son within the meaning of subdivision 1 of section 3635 and that while it may be that Our Lady of Perpetual Help School is nearer geographically, yet, it is not the “nearest available ” parochial school to petitioner.
Petitioner, on the other hand, takes the position that respondent’s interpretation of the statute, as well as that of the Commissioner of Education and his counsel, is strained and violates the express provisions of the statute.
The court is of the opinion that the position taken by respondent herein is untenable and cannot be sustained. It is undisputed that while Our Lady of Perpetual Help School may not be physically located within respondent’s school district, nevertheless, it is nearer to plaintiff’s home than the Sacred Heart School. It is, therefore, within the framework of subdivision 1 of section 3635 of the Education Law, the “ nearest ” parochial school of petitioner’s denomination. Whether or not it is the “nearest available” parochial school is the pivotal question *133 upon which this decision hinges. The court has considered the arguments of both sides, pro and con. No judicial precedentlias been found one way or the other. Respondents argue that the absence of any decisional law on the subject is prompted by the fact that it has uniformly been the practice for protesting parents who feel aggrieved from a denial of a request for transportation to appeal to the Commissioner of Education, as provided in subdivision 2 of section 3635 of the Education Law. Be that as it may, the fact remains that such was not the procedure in this case for obvious reasons. The Commissioner has held in several instances contrary to petitioner’s contentions (see Matter of Moore, 72 N. Y. St. Dept. Rep. 52 [1951] ; Matter of Thousand, 1 N. Y. Educ. Dept. Rep. 663 [1961] ; Matter of Moore, 73 N. Y. St. Dept. Rep. 188 [1953]).
The court is of the view that the statute means exactly what it says. Insofar as petitioner’s son is concerned, the Sacred Heart School located in his own district is not available to him through no fault of his own. He cannot attend his class in this school because it is concededly full and overcrowded. Whether it is overcrowded because of pupils of his own district or by reason of pupils who are nonresidents, the stark fact remains that there is no seat for him and he cannot attend. The Sacred Heart School is neither “ nearest ” his home nor is it “ available ’ ’ to him. The reasons for its unavailability, while understandable, should not, however, deprive petitioner’s son of the transportation afforded him under the Education Law even though it may seem inequitable and to some extent work a financial hardship upon respondent school district.
Respondent argues persuasively in its memorandum of law that when the Legislature amended subdivision 1 of section 3635 (L. 1961, ch. 959), it must have had in mind the afore-mentioned rulings of the Commissioner, particularly, since the Governor, in his memorandum approving the bill, stated that it was “ in concert with the spirit and carries forward the basic concept of existing law ”, and that “ It specifies in statutory form the general practice of the Commissioner with respect to bus transportation and provides a feasible means for local school districts to administer their transportation services ”. (1961 N. Y. Legis. Annual, p. 494.) The difficulty with such argument is that the construction placed on the phrase “nearest available parochial school” is that of the Commissioner of Education and not of a Supreme Court, and there is nothing in the Governor’s memorandum which specifically adopts, confirms or approves the various interpretations placed upon said phrase by the Commissioner in the afore-mentioned cases, supra, or *134 that he was cognizant of the Commissioner’s prior rulings and interpretations of the phrase ‘ ‘ nearest available parochial school ”. He merely stated that the bill makes clear that “ Chapter 1074 [of the Laws of 1960, as amd. by L. 1961, ch. 959] was not intended to require transportation, in the case of a child attending a parochial school of his denomination, except to or from the nearest available parochial school (1961 N. Y. Legis. Annual, p. 493.) There is nothing vague or indefinite about the phrase “ nearest available parochial school ” so as to invoke the doctrine of practical construction previously placed upon it by an administrative agency such as the Commissioner of Education when an attempt is made to ascertain the Legislature’s intention when it enacted chapter 959 of the Laws of 1961.
Since no triable issues of fact are presented by the papers, the court is authorized to dispose of this matter summarily, and, under the circumstances, the court is warranted as a matter of law in directing judgment in favor of the petitioner for the relief demanded, but without costs,