■ In the Matter of Gloria Oliver, Appellant, v. Bernard Donovan, as Superintendent of Schools of the City of New York, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR to require respondents Donovan and Ferrerio to institute disciplinary proceedings against respondent Cooney, the principal of Public School 27, in Brooklyn, City of New York, petitioner appeals from a judgment of the Supreme Court, Kings County, entered January 21, 1969, which dismissed the petition. Judgment affirmed, without costs and with leave to renew the application upon proper papers. Petitioner is the mother of four school-age children, all attending P.S. 27 in School District 15. In addition, she is the chairman of the " Education Action Board of School District 15", an unincorporated association of parents of children enrolled in schools in School District 15. On September 28, 1968, petitioner and other representatives of the "Education Action Board" presented a " Statement of Charges " of misconduct and incompetence against respondent Cooney to respondents Donovan, the Superintendent of Schools, and Ferrerio, the Acting Superintendent of School District 15. Although the latter apparently recognized the "grave nature" of the matter, no action whatsoever was taken on the complaint. Petitioner then commenced this proceeding to compel the institution of disciplinary proceedings against Miss Cooney. The Special Term dismissed the petition on the grounds that petitioner lacked standing to sue and had failed to state facts sufficient to state a cause of action. On this appeal it is incumbent upon us to assume that the facts as set forth in the petition are true as alleged, and, in accordance with the general rule, every favorable inference must be drawn in petitioner's favor (cf. *Matter of Friedman* [*Roseth Corp.*], 271 App. Div. 870). The statement of charges contains 17 specifications of misconduct and incompetence on the part of respondent Cooney. Some of them relate to her conduct during the unfortunate school strike which paralyzed the New York City school system in the latter part of 1968. Several others relate to petitioner's dissatisfaction with certain purely educational decisions made by Miss Cooney. We are in agreement with the Special Term that petitioner has no standing with respect to these complaints and has failed to state a cause of action (*Matter of Donohue* v. *Cornelius*, 17 N Y 2d 390; *Matter of Shanks* v. *Donovan*, 32 A D 2d 1037). However, the remainder of the allegations indicate that respondent Cooney has tolerated and condoned physical abuse of students and has failed to take action against an allegedly " alcoholic " school employee whose conduct is a continuing hazard to the health and safety of the children of the

school. No fewer than seven assaults against children by school officials are alleged, including several requiring medical care and attention. It is contended that Miss Cooney, as principal of the school, has failed and refused to take disciplinary action against the school employees responsible and has accepted patently inadequate explanations of their conduct in complete vindication of their behavior. In sum, we understand the thrust of these allegations to be that respondent Cooney has permitted a situation to develop which presents a continuing threat to the health, safety, and welfare of the students at the school, including petitioner's children. It is our view that this presents a judicially cognizable injury. Petitioner has the duty to send her children to the public schools and the concomitant right to expect that they will not be subject to physical abuse and danger at the hands of the very school officials to whom petitioner has entrusted her children (Education Law, § 3205, subd. 1; § 3212, subd. 2, par. b; § 3228). However, parents do not enjoy a general power of supervision over the school authorities. Complaints pertaining solely to matters within the administrative expertise of the educational officials involved are not judicially cognizable. Proper avenues of appeal are available and the parent is constrained to employ them (cf. Education Law, § 310). On the other hand, where, as here, the parent alleges that her children are daily being exposed to conditions which threaten their health, safety and welfare, a very different situation prevails. It is unnecessary for petitioner to allege that any of her children have been assaulted. In fact, it is the presence of impending or threatened injury which is the very basis of standing to sue (*Donohue* v. *Cornelius,* 17 N Y 2d 390, *supra*). Respondents Donovan and Ferrerio contend that, even if petitioner herein has standing to sue, they are under no mandatory duty to institute disciplinary proceedings against the respondent Cooney. This is true. However, petitioner seeks the very limited relief of compelling Donovan and Ferrerio to exercise an " informed discretion" in determining whether or not such proceedings are necessary. It is settled that even in the exercise of discretion administrative agencies may not conduct themselves in an arbitrary and capricious manner. In view of the serious nature of the charges herein relating to the physical abuse of the students and the existence of dangerous conditions, there must be some explanation for the complete failure of the appropriate officials to respond in any manner (CPLR 7803, subd. 3; cf. *Matter of Ellis* v. *Allen,* 4 A D 2d 343; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 7803.07, 7803.10). We cannot, however grant the requested relief on the papers presented. CPLR 7804 (subd. [d]) requires that a petition in an article 78 proceeding must comply with the rules for a complaint in an action. These rules, generally, require that statements shall be sufficiently particular to give the court and parties notice of, *inter alia,* the material elements of each cause of action or defense (CPLR 3013). More precise information should be presented, including, but not limited to, the names of all parties, the dates of each of the incidents complained of, and the particular dangerous and unhealthy conditions which exist as a result of respondent Cooney's alleged misconduct. Accordingly, we affirm the dismissal of the petition with leave to renew upon the presentation of proper papers. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.