Frank P. De Líjca, J.
Plaintiff is the father of 10 school age children residing within .the territorial limits of the defendant school district at Middle Island in the Town of Br'ookhaven. He has been unsuccessful in his several attempts to have defendant transport five of his children to a parochial school located 1.7 miles from his home. The school district contends that it is not legally required to provide transportation for these children beyond a 10-mile limit, and this action for a declaratory judgment followed.
The parties have stipulated to an agreed statement of facts. Defendant did submit a proposition to the district voters that would have permitted the transportation of nonpublic school pupils for a distance of 20 miles. However, the voters declined to approve the proposition in three separate elections held in 1971. Plaintiff alleges that these permissive referendums were not necessary, that he has thereby been discriminated against in violation of his religious and constitutional rights and that he should be reimbursed for the cost of providing his own transportation to the parochial school.
The principal issue for determination and future application concerns the plaintiff’s allegation that he has an unqualified right to have his children transported at public expense to the “ nearest available” parochial school. Although not clearly alleged in the complaint, nor set forth in the stipulation, the court will presume that St. Isidore’s School in Riverhead and almost 17 miles from plaintiff’s residence is the nearest available Roman Catholic parochial school for plaintiff’s children. The operative statute is section 3621 of the Education Law, which states in part: ‘ ‘ Required Transportation. 1. Each school district shall provide transportation for the following pupils to and from the school they legally attend * * * b. Non-public school pupils residing within the district who are *980 in. grades kindergarten through eight and live a distance of more than two miles and up to ten miles from such school * * *
“ 3. This section shall not be deemed to require * * e. A school district to provide transportation for a pupil attending a parochial school of-his denomination except to and from the nearest available parochial school of such denomination.”
Plaintiff argues that paragraph c of subdivision 3 in utilizing the words, “ nearest available parochial school”, mandates transportation at school district expense since there is no dispute that St. Isidore’s is the nearest parochial school available to plaintiff. In support of this position, he cites the case of Matter of Martin v. Brienger (49 Misc 2d 130, affd. 26 A D 2d 772). There, the court ruled that the school district was required to provide transportation to a parochial school located outside the school district because another parochial school lying within the district was overcrowded and therefore hot “ available ” to petitioner within the meaning of the statute. In essence, plaintiff urges that the words ‘1 nearest available parochial school” constitute an extension rather than a limitation of paragraph b of subdivision 1 because of the exception contained therein.
Examination of the Martin decision however, reveals that its holding is not as broad as plaintiff avers. The court there decided that parochial school pupils were entitled to be transported to a school district outside the district when the parochial school within the district could not accommodate them. The decision does not state that either of the schools was more than 10 miles away from the petitioner’s residence and in fact, the extraterritorial parochial school was one-half mile closer to petitioner’s home than the school inside the district.
Section 3621 is entitled “Required Transportation” and nowhere does it state that parochial school children may be transported without a mileage limitation which is in effect, what plaintiff contends. If this were so, then paragraph b of subdivision 1 providing for a 10-mile limit would serve no purpose, which would be contrary to the rule of statutory construction that such explicit worffs must be given their normal effect. To do otherwise would have the statute read that a school district is compelled to provide public transportation .to a resident pupil who desires to attend a parochial school without any mileage limitations whatever so long as there are no such schools closer to his home. If the Legislature had intended this, then they had no need to provide for the 10-mile restriction set forth in paragraph b of subdivision 1, nor would it have been necessary *981 to distinguish public school pupil transportation from nonpublic school transportation. (Paragraph a of subdivision 1 compels transportation of public school pupils without limitation if they reside more than two miles from school.)
As I construe the meaning of paragraph c of subdivision 3, although the language is ambiguous, the Legislature intended to give a school district the right to deny public transportation to a parochial school pupil who had a choice of more than one such school and who desired to attend the more distant school. The decision in Matter of Martin v. Brienger (49 Misc 2d. 130, áifd. 26 A D 2d 772, supra), merely held that the words “nearest available parochial school ” should be interpreted to cut across school district boundaries and these words were given a literal geographical meaning. There is no indication that the 10-mile limitation was to be disregarded and apparently this was not a factor in the Martin case.
I therefore conclude that in the context of section 3621 as a whole, and given the placement and emphasis of paragraph b of subdivision 1, the language of paragraph c of subdivision 3 serves to modify rather than to render meaningless the plain intent of paragraph b of subdivision 1.
Plaintiff has als'o presented an alternative argument that since section 3621 provides for different standards for public and nonpublic pupils; the statute is arbitrary, discriminatory and therefore unconstitutional.
As previously noted, the statute does create different transportation standards for public, nonpublic and handicapped pupils. A further distinction is made between parochial and private school pupils. Plaintiff contends that the Fourteenth Amendment of the United States Constitution mandates equal treatment for nonpublic and public school pupils. But interestingly enough, the case cited by plaintiff in support of his viewpoint upheld the statutory distinctions (§ 3635, the predecessor of § 3621) as being reasonable and therefore not arbi- , trary or discriminatory. (Matter of Kling v. Nyquist, 65 Misc ¡2d 198.) In Kling, petitioners sought to obtain public transportation for their daughter who attended a parochial school 28 miles from home on the grounds that district students attending a BOOBS school the same distance away from their-homes were receiving transportation. The court held that since the statute treated all pupils within the same class alike, the denial of transportation was not arbitrary. The court stated (supra, p. 200): “ The different classification of pupils under sections 3635, 4404 (handicapped) and 1958 (BOOBS) is reasonable. In *982 her situation under section 3635 [parochial school pupil] without voter approval the petitioners’ daughter cannot he transported.”
Likewise plaintiff’s citation of Board of Educ. v. Barnette (319 U. S. 624) is inapposite, since that case stands for the proposition that a school hoard may not compel a child to salute the flag where such practice is violative of the child’s religious princi-\ pies. In the case at bar, the State is not applying coercion or compulsion, except to afford a priority to public school pupils who, after all, are compelled to attend such public school by constitutional mandate. (1ST. Y. Const., art. XI, § 1.) It is thus reasonable to conclude that since a parochial school education is not constitutionally required, unlike public education, the State would not be mandated to provide the same degree of transportation assistance to a parochial school pupil (although the Legislature could have done so if it wished, N. Y. Const., art. XI, §' 3).
Finally it should be noted that section 3621 has been repealed by enactment of an Abrogation of Bepeal ’ ’ effective May 24, 1972. The net effect of these changes is that the former section 3635 has been .reinstated and is currently in effect. No substantial differences in the two statutes have resulted and for the period of time in issue, Section 3621 was in effect.
In view of the foregoing determination, it is not necessary to pass on some of the procedural defenses advanced by defendant. The complaint is dismissed without costs.