John C. Marbach, J.
On May 14, 1973, defendant White
*850 Plains Board of Education adopted a resolution eliminating transportation of private and parochial school students to schools outside the boundaries of the school district. Shortly thereafter, plaintiffs, who are parents of parochial school students no longer to be bussed under the resolution, brought this action for declaratory and injunctive relief to prevent the implementation of the resolution. On June 20, 1973, Mr. Justice Grady of this court denied plaintiffs’ application for a preliminary injunction and declared the resolution of defendant board to be, in all respects, lawful. On appeal to the Appellate Division, that court affirmed the denial of the preliminary injunction but remanded the case to this court for trial on plaintiffs’ claim of a denial of their right to equal protection of the laws (43 AD2d 699). Trial was held in this court on March 6, 1974, and decision was reserved to allow the Attorney-General of the State of New York to file a memorandum of law.
Plaintiffs are all residents of the City of White Plains and live within the confines of the White Plains City School District. Their children attend either St. Anthony’s school in the Town of Harrison (Roman-Catholic affiliation) or the Westchester Day School in the Town of Mamaroneck (Orthodox-Jewish affiliation). Both schools are located outside of the White Plains School District and both are between 1.5 and 10 miles from the residences of the respective plaintiffs. Prior to September, 1973, when the May 14, 1973, resolution took effect, defendant school board had provided transportation for all children who lived between 1.5 and 10 miles from the school they attended, regardless of whether the school was located within or without the district. The effect of the board’s resolution was to deprive plaintiffs’ children of free bus transportation which they had previously enjoyed for some years. Proof at trial established that there is no other school of Orthodox-Jewish affiliation within the district and that the Roman-Catholic schools in the district are filled to capacity and thus unable to enroll the children of the St. Anthony’s plaintiffs. Thus, while defendant board continues to bus all children to all schools within the district, regardless of affiliation, plaintiffs have been forced to seek alternative means of transportation.
It must be noted that the record establishes that the action of the board was motivated by budgetary considerations and there is no evidence whatsoever that the board intended to *851 infringe in a suspect manner on the rights of these plaintiffs, their schools, or their respective religious affiliations.
Plaintiffs contend that the statutory provision regarding transportation of pupils requires defendants to continue to bus their children. The controlling statute is section 3635 of the Education Law which in pertinent part reads as follows: "§ 3635. Transportation. Sufficient transportation facilities (including the operation and maintenance of motor vehicles) shall be provided by the school district for all the children residing within the school district to and from the school they legally attend, who are in need of such transportation because of the remoteness of the school to the child or for the promotion of the best interest of such children. Such transportation shall be provided for all children attending grades kindergarten through eight who live more than two miles from the school which they legally attend and for all children attending grades nine through twelve who live more than three miles from the school which they legally attend and shall be provided for each such child up to a distance of ten miles, the distances in each case being measured by the nearest available route from home to school * * * The foregoing provisions of this subdivision shall not require transportation to be provided for children residing within a city school district, but if provided by such district pursuant to other provisions of this chapter, such transportation shall be offered equally to all such children in like circumstances. Nothing contained in this subdivision, however, shall be deemed to require a school district (i) to furnish transportation to a child directly to or from his home, or (ii) in the case of a child attending a parochial school of his denomination, to furnish transportation except to or from the nearest available parochial school of such denomination.” (Emphasis added.) Defendants rely on the same statutory language to uphold their position. The parties differ on the interpretation of what constitutes "like circumstances” in regard to transportation provided by city school districts. Plaintiffs claim that since their children live within 1.5 to 10 miles of the schools they attend (the mileage limits within which defendant board provides bussing) they are in like circumstances to the children who attend school within the district. Defendants on the other hand claim that students attending school outside the district are not in like circumstances to students going to school in the district and that since they bus all children within the district and uni *852 formly deny bussing to children going out of the district, they are complying with the statutory language. Plaintiffs reject the within-district/without-district dichotomy as a basis for interpreting what is "like circumstances”.
A review of the authorities cited by the parties indicates that defendants have complied with the requirements of section 3635. The Commissioner of Education has ruled that pupils attending school outside the district are not in like circumstances to those attending school within the district and has upheld the actions of city school boards in denying transportation to the former group while providing it for the latter. (Matter of Kopser, 10 Ed. Dept. Rep. 238; Matter of Yankowitz, 7 Ed. Dept. Rep. 44.) These rulings are in accord with judicial interpretation of what constitutes "like circumstances” within the meaning of the statute. (Matter of Brown v Allen, 23 AD2d 591; Matter of Sands Point Academy v Board of Educ. of City of N. Y., 63 Misc 2d 276.) Rulings of the commissioner and cases relied on by plaintiffs, especially Matter of Martin v Brienger (49 Misc 2d 130), are not inconsistent with the authorities cited above nor are they controlling for they deal with bussing by noncity school districts which is mandated by statute and not, as in this case, with the optional providing of transportation by a city school district. On the record before the court, it appears that defendants are providing transportation equally to all children in like circumstances pursuant to the statutory scheme and this court so holds.
The holding above does not end the inquiry, however, since plaintiffs attack the statutory scheme of section 3635 on constitutional bases. Plaintiffs contend that insofar as section 3635 makes transportation mandatory in noncity school districts and only optional in city school districts, it creates an arbitrary distinction and deprives residents of city school districts of equal protection of the laws. They further contend that as applied to them in this case, the statute infringes on their free exercise of religion.
A State statute is presumed to be constitutional and so long as the classification it creates has a reasonable basis and serves a legitimate State purpose, it will pass muster under the equal protection clause. If the statute does not create "suspect” categories or irrationally or invidiously discriminate against a particular class of persons, it may not be deemed unconstitutional. (McGowan v Maryland, 366 US 420; Dan-
*853 dridge v Williams, 397 US 471.) A reading of section 3635 indicates that the distinction between city and noncity school districts rests on a legislative determination that rural and suburban areas do not have transportation facilities equal to those of urban areas. Plaintiffs attack this rationale as arbitrary and without merit. At trial, plaintiffs produced proof that public transit facilities in and around White Plains are not geared to the needs of students and are wholly inadequate as a substitute for school bussing. The testimony of individual plaintiffs established the danger and futility of their young children having to depend on public transportation to reach St. Anthony’s and the Westchester Day School. While this proof may demonstrate a case for legislative and political remedial action, it does not suffice to overcome the presumption of the statute’s validity. There has been no showing that on a State-wide basis, the legislative distinction is invalid or irrational. There is no requirement in the law that all school districts, as school districts, be treated alike and the fact that the operation of the statute results in some inequities does not make it violative of the equal protection clause. (San Antonio School Dist. v Rodriguez, 411 US 1.) On the record before the court, plaintiffs have not overcome the presumed constitutionality of section 3635 and have failed to demonstrate that the statute denies them equal protection of the laws.
Plaintiffs state correctly that if a law infringes on the free exercise of religion, only a compelling State interest may uphold the law’s validity. The burden is on the State to demonstrate the compelling interest and there is no presumption of validity to be overcome by those attacking the law as in the ordinary equal protection case. (Wisconsin v Yoder, 406 US 205). Plaintiffs seek to apply this standard to the present case, claiming that even if the statute, and the actions of defendants pursuant thereto, serve some colorable State purpose, this purpose does not amount to a compelling State interest sufficient to justify the claimed infringement on their religious freedom. While plaintiffs’ right to educate their children in secular schools cannot be disputed, they do not claim that such secular education is required as a matter of their respective religious faiths. Nothing in section 3635 of the Education Law, or in defendants’ actions taken pursuant to the statute, compels plaintiffs to educate their children in public schools or to perform any acts undeniably in conflict with tenets of their faiths as was the case in Wisconsin v *854 Yoder (supra) or Sherbert v Verner (374 US 398) cases relied on by plaintiffs. The most that plaintiffs have established is that the resolution of defendant board has made it inconvenient to send their children to parochial schools outside the district and that they have had to incur some financial burden in order to do so. If denial of transportation to parochial school children, pursuant to an otherwise valid legislative scheme, is an unconstitutional infringement of religious freedom, then such transportation must be deemed to be constitutionally mandated. This court is aware of no such rule of law. Private and parochial schools have no right to share in State largesse on an equal basis with public schools or otherwise (Norwood v Harrison, 413 US 455, and while a State may use State funds to provide transportation to parochial schools, it need not do so. (Everson v Board of Educ., 330 US 1; Wenner v Board of Educ., 71 Misc 2d 978.) In conclusion, this court finds that there has been no undue burden placed on plaintiffs’ free exercise of religion and the reasoning and result of Wisconsin v Yoder (supra), and similar cases cited by plaintiffs, is inapplicable to the case at bar.
Accordingly, it is the decision of this court that the resolution of the defendant Board of Education dated May 14, 1973, and the actions of the defendants in effectuating the resolution, were lawful and proper and that section 3635 of the Education Law is constitutional as written and as it applies to plaintiffs.
Submit judgment on notice.