In the Matter of GEORGE L. RACKMYER et al., as Parents and Natural Guardians of KIM RACKMYER et al., Infants, Respondents, v GATES-CHILI CENTRAL SCHOOL DISTRICT, Appellant.

Fourth Department, May 30, 1975

*Raymond E. Morris* for appellants.

*Frank B. Iacovangelo* for respondents.

GOLDMAN, J. Respondent, the Gates-Chili Central School District, appeals from an order which required the Director of Transportation of the school district to transport three infant children of petitioners from their home to a particular parochial school. Special Term ordered that the matter be referred to Trial Term for a full hearing on all the issues and that pending that hearing and determination, the School District should transport petitioners' children to the particular parochial school.

The facts are not in dispute. Petitioners have resided in the Gates-Chili Central School District for approximately seven years. For the larger part of that time they resided at 5 Sands Road, Gates, New York. Some time prior to August 8, 1973 petitioners moved to a new residence at 23 Ascot Drive, Chili, New York. During all of this period and at the present time petitioners and their children have been and are members of the Holy Ghost Church and School which is located in the Town of Gates in the Gates-Chili Central School District. The children attended the Holy Ghost parochial school which was in the immediate vicinity of petitioners' home when they lived at 5 Sands Road. A map annexed to respondent's brief shows that 23 Ascot Drive is clearly outside the boundaries of the Holy Ghost parish and is located in the St. Pius X parish. There are no distances marked upon the map but by reference to the County of Monroe map the Ascot residence is approximately three miles from the St. Pius X School and more than five miles from the Holy Ghost School. By letter dated May 7, 1974 the Director of Transportation of the school district wrote petitioners that:

"This is to inform you that the temporary special arrangements that were made for your children's transportation, early in this school year, will not continue after the end of the school year.

"Your residence is located in an area where transportation is provided for parochial students to the St. Pius X School. As my memory serves me, the need for special transportation for your children was that the sixth grade at St. Pius X was too crowded for your daughter, Kim. Our records indicate that children have left that grade, during this school year, and should now accommodate your daughter.

"We would like to honor requests for transportation from all over the towns of Gates and Chili to the various elementary schools, but find in order to operate our transportation system sensibly and economically we must stay within certain transportation boundaries. The boundaries for transportation to the parochial elementary schools have been established by the parish priests in agreement with our Superintendent of Schools and until they are changed must be adhered to."

Petitioners allege that in the past special arrangements were made for transportation by the Gates-Chili Central School District with the Churchville-Chili Central School District for the reason that the Gates-Chili District did not route a bus to the Ascot Drive area and that a Churchville-Chili District bus was available to make the stop. They assert that the Churchville-Chili District provides the same transportation to their pupils as requested in their petition; that the Gates-Chili District has an obligation to transport their children to the Holy Ghost School and that the decision of the Director of Transportation, as indicated in his letter, is arbitrary and capricious and in violation of petitioners' constitutional rights. We cannot agree with this position.

The resolution of this proceeding is a matter of law and, therefore, there is no need for a plenary hearing at trial term. Section 3635 of the Education Law provides in pertinent part in subdivision 1 that: "Sufficient transportation facilities (including the operation and maintenance of motor vehicles) shall be provided by the school district for all the children residing within the school district to and from the school they legally attend, who are in need of such transportation because of the remoteness of the school to the child or for the promotion of the best interest of such children. * * * Nothing contained in this subdivision, however, shall be deemed to

require a school district (i) to furnish transportation to a child directly to or from his home, or (ii) in the case of a child attending a parochial school of his denomination, to furnish transportation except to or from the nearest available parochial school of such denomination." Subdivision 2 provides for the action a parent may take if the School District should fail or refuse to furnish transportation: "If the voters, school trustees, or board of education fail to provide the transportation authorized or directed by this chapter after receiving such a request, such parent, guardian or representative, or any taxpayer residing in the district, may appeal to the commissioner of education, as provided in section three hundred ten of this chapter. Except as hereinbefore provided, the commissioner of education shall not require that such parent, guardian or representative present a request for such transportation to any meeting of the voters, school trustees or board of education in order to appeal. Upon such appeal, the commissioner of education shall make such order as is required to effect compliance with the provisions of this chapter and this section."

The school district in its opposition to the petition urges that petitioners' resort to this legal proceeding, which is not denominated in the record but which we treat as an article 78 proceeding, is premature and that their exclusive remedy, pursuant to section 310 of the Education Law, is to appeal to the Commissioner of Education. Petitioners have taken no appeal to the commissioner nor are they required to exhaust their administrative remedies in order to present their petition to the Supreme Court. We recognize that "complaints pertaining solely to matters within the administrative expertise of the educational officials involved are not judicially cognizable. Proper avenues of appeal are available and the parent is constrained to employ them (cf. Education Law, § 310)." *(Matter of Oliver v Donovan,* 32 AD2d 1036, 1037.) While appeal to the commissioner is exclusive where the exercise of discretion is involved, where rights depend upon the interpretation of a statute which it is claimed the school board or an official has violated, the courts will determine the matter notwithstanding that another procedure for settling the controversy is available *(Matter of Martin v Brienger,* 49 Misc 2d 130, 131, affd 26 AD2d 772).

Petitioners do not allege that the Holy Ghost School is the "nearest available parochial school". The fact is that it is not.

The obligation to transport children to the nearest available school is absolute (Education Law, § 3635, subd 1) and the school district has indicated its intention to carry out the mandate of the statute. The school district's assertion that "the boundaries for transportation * * * have been established by the parish priests in agreement with our Superintendent of Schools" is proof of its willingness to perform. Absent any claim that St. Pius X School is not "available", and there is no such claim, the school district has no obligation to provide transportation to a more distant school. As stated in *Matter of Martin v Brienger (supra,* pp 133 and 134): "There is nothing vague or indefinite about the phrase 'nearest parochial school'". "The court is of the view that the statute means exactly what it says." (See, also, *Matter of Chouinard,* 2 NY Educ. Dept Rep 32; *Matter of Thousand,* 1 NY Educ Dept Rep 663; *Matter of Kazura,* 77 NY St Dept Rep 94; *Matter of Braun,* 77 NY St Dept Rep 78; *Matter of Duggan,* 73 NY St Dept Rep 103.)

Although Special Term ordered the respondent school district to transport the children from their residence at 23 Ascot Drive to the Holy Ghost School until the matter has had a full hearing and determination at Trial Term, the filing of this appeal stayed the order (CPLR 5519, subd [a], par 1). The record contains no information stating which school the children are presently attending. If they are attending the Holy Ghost School and are being transported by the school district, in order not to interrupt this term's school work, we direct that the respondent school district continue to furnish transportation to them to the Holy Ghost School until the end of the school year in June, 1975.

Since there is no triable issue of fact, it was improper to have ordered a trial. The judgment should be reversed and the petition dismissed.

MARSH, P. J., SIMONS, MAHONEY and WITMER, JJ., concur.

Judgment unanimously reversed on the law without costs and petition dismissed.