■ In the Matter of Susan Hatch et al., Appellants, v Board of Education, Ithaca City School District, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered September 9, 1980 in Tompkins County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondents to furnish petitioners' children with transportation. Since 1974, respondent Board of Education for the City of Ithaca (Board) has offered an open enrollment program to its students. Pursuant to the program, students may attend either their neighborhood area school or any other school of their choice within the school district. In 1977, the Board adopted a policy of busing all open enrollees, as well as those students attending area schools, to and from the school of their choice. However, in the 1980-1981 school year the Board, faced with severe budgetary and energy restraints, informed parents of children attending schools other than those in the area of their residence that they must provide transportation if they desired their children to participate in the open enrollment program. Petitioners, parents of children enrolled in the open enrollment program who reside outside the City of Ithaca but within the Ithaca City School District, seek by the instant proceeding (1) to permanently stay respondents from implementing the transportation policy, (2) to have the court declare that such policy was in violation of the Education Law of the State of New York and the United States Constitution, * and (3) to compel respondents to provide transportation to all children within the district attending open enrollment schools. Special Term dismissed the petition and this appeal ensued. The pertinent provision of subdivision 1 of section 3635 of the Education Law provides that city school districts are not required to provide transportation for children within the district "but if provided * * * such transportation shall be offered equally to all such children *in like circumstances"* (emphasis added). Thus, the narrow issue is whether children who reside outside the city but within the school district, and who attend open enrollment schools, are "in like circumstances" with children who reside within the city and attend neighborhood schools. We hold that they are not. A board of education has great discretion in adopting and implementing an educational policy, and if a city school district decides to provide transportation to pupils it may fashion a scheme that will best utilize its facilities and services so long as such plan does not arbitrarily create "suspect" categories or irrationally or invidiously discriminate against a particular class of persons *(Dandridge v Williams,* 397 US 471; *McGowan v Maryland,* 366 US 420). We have held that students attending school outside the district are not "in like circumstances" with students attending school within the district *(Matter of Brown v Allen,* 23 AD2d 591); and the Commissioner of Education in *Matter of Collar* (14 Ed Dept Rep 327, 328) has held that "pupils residing within the city limits and pupils residing in the areas of the enlarged city school district outside the city limits are not 'like circumstances' within the meaning of § 3635" of the Education Law. It is fundamental that where the question is one of specific

---

\* The constitutional argument was abandoned on appeal.

application of a broad statutory term, the interpretation of the agency responsible for the administration of the statute, if not irrational or unreasonable, should be upheld *(Matter of Howard v Wyman,* 28 NY2d 434, 438). Judgment affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.