■ In the Matter of TOWN OF MINERVA et al., Appellants, v ESSEX COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents.—Weiss, J. P. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered September 17, 1990 in Essex County, which dismissed petitioners' application, in a combined action for declaratory judgment and proceeding pursuant to CPLR article 78, to declare, *inter alia,* a lease agreement entered into between respondents to be null and void.

In this CPLR article 78 proceeding, which includes a request for declaratory relief pursuant to CPLR 3001, petitioners challenge a lease agreement and an agreement for payments in lieu of taxes, both of which were entered into between respondents. By the terms of those two agreements, respondent Essex County Industrial Development Agency (hereinafter ECIDA) purchased and then leased back 21 miles of unused railroad tracks from respondent Kronos, Inc., which agreed to maintain and insure the tracks and right-of-way. The second agreement provided that Kronos would make certain payments to the Towns of Minerva and Newcomb in Essex County and to the school districts in each Town in lieu

of taxes. Kronos reserved the right to terminate the agreements and to have the property reconveyed by ECIDA. Petitioners allege that the sole purpose of the lease agreement was to enable Kronos to avoid paying real estate taxes and was outside the scope of both ECIDA's powers and General Municipal Law § 858. Petitioners also allege that ECIDA's determination to enter into the agreement for payments in lieu of taxes, which parenthetically was made without consulting petitioners and provided for payment of a reduced sum, was arbitrary and capricious. In dismissing the petition, Supreme Court found present a number of valid reasons for the transaction and determined that ECIDA had acted within the scope of General Municipal Law § 858. The court further found that the vast differences in the opinions of the actual value of the railroad, when taken together with the tax exempt status of ECIDA, made the agreement for payments in lieu of taxes rational and legal. Petitioners now appeal.

Petitioners first contend that the record contains no evidence that ECIDA complied with General Municipal Law § 854 (11) by submitting their plans for the future use of the railroad to the Commissioner of Transportation for analysis. Petitioners also argue that the lease agreement is illusory because Kronos is empowered to unilaterally terminate the agreement. However, these issues have been raised for the first time on this appeal without having been pleaded as grounds for the relief sought in the petition, and accordingly placed neither Supreme Court nor respondents on notice of petitioners' allegations (see, Matter of Oliver v Donovan, 32 AD2d 1036, 1037). As a result, respondents were not provided the opportunity to refute the arguments or submit opposing proof, nor could the court address those issues. The general rule, with exceptions not applicable here, is that an appeal may only bring up for review issues determined by the judgment being reviewed and an issue not raised below may not be raised for the first time on appeal (Todd v Krolick, 96 AD2d 695, 696, affd 62 NY2d 836).

Petitioners further argue on this appeal that the lease agreement is void because its primary purpose was to provide tax savings for a company which is now out of business. Initially, the answer specifically denies that Kronos is out of business and petitioners have failed to substantiate that allegation with admissible proof. While real property tax avoidance may indeed have been Kronos' major purpose and a dominant factor in seeking the current arrangement, the intentions and purposes of ECIDA, which had different rea-

sons for entering into the agreements, have not been changed. Supreme Court correctly found that ECIDA's purposes for entering the agreements were to preserve the opportunity to reopen the McIntyre Mine,[1] to prevent the dismantling of the railroad,[2] to establish a tourist destination location, and to attract wood products manufacturers and industry to the area. Contrary to petitioners' argument, these purposes are well within the broad purposes set forth by General Municipal Law § 858 *(see, Matter of Grossman v Herkimer County Indus. Dev. Agency,* 60 AD2d 172) and we agree with Supreme Court that the petition is without merit. However, since petitioners sought declaratory relief (CPLR 3001), Supreme Court should have awarded judgment declaring that the agreements were not null and void.

Judgment modified, on the law, without costs, by declaring that the two agreements between respondents are not null and void, and, as so modified, affirmed. Weiss, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.

---

1. The McIntyre Mine has reserves of 50 million tons of ilmenite and magnetite ores which are not being mined due to current market conditions. The only feasible method of transporting significant amounts of ore is by railroad car, and the subject track is the mine's only rail access.

2. Five months prior to the agreement, Kronos purchased the railroad from General Services Administration to save it from the scrap dealers who had bid for the railroad. Nonetheless, Kronos found that the full expenses of its private ownership made it financially impractical to continue ownership if it could not reduce expenses.