■ 41 STATE OFFICE INVESTORS, Respondent, v ANDREW F. CAPOCCIA, Appellant. [613 NYS2d 764] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Harris, J.), entered July 27, 1993 in Albany County, which, inter alia, partially granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff, the owner of an office building located at 41 State Street in the City of Albany, brought this suit to recover from defendant amounts due pursuant to a lease entered into by

the parties in August 1989. At that time defendant, an attorney, agreed to lease office space from plaintiff for a period of five years and to pay monthly rent installments of $5,203.79 during that term. The lease also provided that if defendant defaulted on his obligations thereunder, plaintiff would have the option of declaring the entire amount of unpaid rent due and payable immediately.

It is undisputed that as of March 17, 1992 defendant owed over $17,000 in rent arrearages and late charges, and that at that time the parties orally agreed that plaintiff would release defendant from the obligations imposed by the lease if defendant would first surrender possession of the premises to plaintiff and pay the arrears, along with an additional two months of rent. A written agreement embodying these terms (hereinafter the surrender agreement) was drafted by plaintiff and delivered to defendant on March 28, 1992, and defendant executed the agreement—which also provided that if defendant failed to meet the obligations set forth therein, plaintiff would have the right to receive, in full, the unpaid accelerated rent under the terms of the lease—that same day. Defendant apparently did not inform plaintiff that he had signed the surrender agreement, however, and plaintiff, assuming that the lease was still in effect, took steps to cancel it, placing a cancellation notice on the door of defendant's office and, defendant attests, changing the locks on the entrance doors. Plaintiff also brought this action to recover both the arrearages and accelerated rent due under the lease.

Plaintiff thereafter moved for summary judgment and defendant cross-moved for an order disqualifying plaintiff's counsel. The theory underlying the cross motion is that counsel would be expected to testify as a witness in a companion action brought by defendant against plaintiff, its attorneys, and its manager and managing agent. Supreme Court partially granted plaintiff's motion and denied defendant's cross motion, and defendant appeals.

Before Supreme Court, defendant argued that plaintiff could not recover under the lease because it had been superseded by his execution of the surrender agreement. He explicitly averred that the surrender agreement was "accepted and agreed upon by the parties", was "admittedly valid" and contained "outstanding, valid, offered and accepted terms". Now, for the first time, he maintains that the surrender agreement is unenforceable because it was not accepted by plaintiff, and therefore that he was wrongfully evicted from the premises on March 28, 1992. This argument not having been raised in

Supreme Court, is not properly before us and will not be considered on appeal *(see, e.g., Matter of Town of Minerva v Essex County Indus. Dev. Agency,* 173 AD2d 1054, 1055, *lv denied* 78 NY2d 857). Having relied on the validity of the surrender agreement in an attempt to avoid the terms of the lease, it ill-befits defendant to question its soundness now *(see, Brown v Manufacturers Trust Co.,* 278 NY 317, 324). Moreover, even if we were to address the merits of this contention, we would find defendant's protestations lacking in force. And, given defendant's complete failure to provide any evidence refuting plaintiff's assertion that he did not comply with the terms of the surrender agreement, Supreme Court quite properly directed that judgment be entered in plaintiff's favor, pursuant to the terms thereof, for the arrearages and accelerated rent.

Defendant also contends that plaintiff had no right to "trespass" on the leased premises, or to change the locks, because even under the surrender agreement defendant retained his possessory rights under the lease until April 1, 1992, the last day on which payment of the arrearages could be made as indicated in a letter accompanying that agreement. Although this letter by plaintiff's counsel could arguably provide support for a finding that defendant did not breach the agreement until April 1, 1992, the terms of the surrender agreement itself nevertheless clearly establish that defendant surrendered his right to possession immediately upon his execution of that agreement, which he admits occurred on March 28, 1992. Consequently, Supreme Court did not err in dismissing those of defendant's counterclaims which are based on allegations that plaintiff wrongfully entered the leased premises on March 28, 1992 in contravention of the terms of the surrender agreement.*

Nor did Supreme Court err in refusing to disqualify plaintiff's attorney, Neil Weiner. It is not at all certain that the counterclaims which remain viable herein will, in fact, be joined with defendant's parallel action against plaintiff, and until such joinder is effected any necessity for Weiner's testimony in the other action has no bearing on his disqualification in this case. And as for the need to have Weiner testify as to the parties' intentions regarding the surrender agreement,

---

* Although defendant's notice of appeal purports to seek review of all parts of Supreme Court's order, including its dismissal of one of his counterclaims sounding in libel, he has not addressed this issue on appeal and therefore will be deemed to have abandoned it.

a further argument defendant has raised in support of his motion, our summary disposition of the claims involving that agreement eliminates any such need.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order and judgment are affirmed, with costs.