■ BRODY TRUCK RENTAL, INC., et al., Plaintiffs, v COUNTRY WIDE INSURANCE COMPANY, Respondent, and TRUCK RITE DISTRIBUTION SYSTEMS CORPORATION, Appellant, et al., Defendant. [717 NYS2d 43] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered on or about March 9, 2000, which, to the extent appealed from as limited by the brief, granted the motion of defendant Country Wide Insurance Company for summary judgment dismissing defendant Truck Rite's cross claim for consequential damages arising out of the alleged breach of contract, unanimously affirmed, without costs.

In claims for breach of contract, a party's recovery is ordinarily limited to "general damages which are the natural and probable consequence of the breach" (*Kenford Co. v County of Erie*, 73 NY2d 312, 319); any additional recovery must be premised upon a showing that the unusual or extraordinary damages sought were " 'within the contemplation of the parties

as the probable result of a breach at the time of or prior to contracting' " (*id.*, quoting *Chapman v Fargo*, 223 NY 32, 36; *see also, American List Corp. v U.S. News & World Report*, 75 NY2d 38, 42). Here, the insurance policy upon which defendant Truck Rite premises its cross claim for consequential damages merely provides for the indemnification of Truck Rite against liability arising out of the negligent use or operation of its insured motor vehicles; it contains no provision or language indicating that recovery of consequential damages was within the contemplation of the parties (*see, Martin v Metropolitan Prop. & Cas. Ins. Co.*, 238 AD2d 389, 390; *Sweazey v Merchants Mut. Ins. Co.*, 169 AD2d 43, 45, *appeal dismissed* 78 NY2d 1072), and no factual issue has been otherwise raised as to whether the parties intended that Truck Rite would be able to recover damages due to lost business and/or profits.

We have considered appellant's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Wallach, Saxe, Buckley and Friedman, JJ.