# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1386**

**CA 12-00867**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

CHARTER SCHOOL FOR APPLIED TECHNOLOGIES,
DOMINIQUE WILSON, AS PARENT AND NATURAL
GUARDIAN OF MICHAEL EPPERSON, AN INFANT,
AND TONYA ROBINSON, AS PARENT AND NATURAL
GUARDIAN OF NOELLE CLARK, NAILAH ROBINSON,
AND LAYLA ROBINSON, INFANTS,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                                              MEMORANDUM AND ORDER

BOARD OF EDUCATION FOR CITY SCHOOL DISTRICT
OF CITY OF BUFFALO, DEFENDANT-APPELLANT-RESPONDENT.
(APPEAL NO. 1.)

---

HISCOCK & BARCLAY, LLP, BUFFALO (JAMES P. MILBRAND OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (LISA A.
COPPOLA OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.

-------------------------------------------------------------------------------------------------------

Appeal and cross appeal from an amended order of the Supreme
Court, Erie County (John A. Michalek, J.), entered March 5, 2012.  The
amended order, among other things, granted in part plaintiffs' motion
for partial summary judgment.

It is hereby ORDERED that said appeal and cross appeal are
unanimously dismissed without costs.

Memorandum:  Plaintiffs commenced this action for, inter alia,
breach of contract, arising from an agreement in which defendant
agreed to provide school bus transportation for students who resided
within the City of Buffalo but attended plaintiff Charter School for
Applied Technologies (hereafter, CSAT).  In appeal No. 1, defendant
appeals from an amended order that, inter alia, granted those parts of
plaintiffs' motion for partial summary judgment on liability on the
first two causes of action, alleging breach of contract, and directed
a trial on the issue of damages on those causes of action, and granted
that part of plaintiffs' motion for partial summary judgment
dismissing the fourth affirmative defense, in which defendant
contended that the contract was void due to the term limits rule.
Plaintiffs cross-appeal from those parts of the amended order denying
in part their motion for summary judgment on the seventh cause of
action, alleging the violation of the Open Meetings Law (Public
Officers Law § 100 *et seq*.), and granting those parts of defendant's

cross motion for summary judgment dismissing the fifth and sixth causes of action, which alleged violations of Education Law §§ 3622 and 3635.  In appeal No. 2, defendant appeals from a judgment subsequently entered in plaintiffs' favor after a trial on damages.

Initially, we dismiss the appeal and cross appeal in appeal No. 1 because the right to appeal from the intermediate order terminated upon the entry of the judgment in appeal No. 2 (*see Murphy v CSX Transp., Inc*. [appeal No. 1], 78 AD3d 1543, 1543; *Smith v Catholic Med. Ctr. of Brooklyn & Queens*, 155 AD2d 435, 435).  The issues raised in appeal No. 1 concerning the amended order will be considered on the appeal from the judgment in appeal No. 2 (*see Matter of Aho*, 39 NY2d 241, 248).

Addressing first the parties' contentions with respect to the amended order, we reject defendant's contention that the contract is unenforceable because it violates the term limits rule.  In general, "[t]he term limits rule prohibits one municipal body from contractually binding its successors in areas relating to governance unless specifically authorized by statute or charter provision to do so" (*Matter of Karedes v Colella*, 100 NY2d 45, 50).  The applicable statute, Education Law § 2554 (19), permits a school board to enter into contracts for the transportation of children to and from school for a period not to exceed five years.  Here, the initial term of the contract was for approximately 17 months, and it was to be renewed automatically for five-year terms.  Contrary to defendant's contention, the automatic renewal provision did not violate the term limits rule (*see generally Matter of Lewiston-Porter Cent. Sch. Dist. v Sobol*, 154 AD2d 777, 778-779, *lv dismissed* 75 NY2d 978).  Here, the contract affords successor Boards of Education the opportunity to terminate the contract under certain circumstances, and thus they are able "to exercise legislative and governmental powers in accordance with their own discretion" (*Karedes*, 100 NY2d at 50; *cf. Matter of Boyle*, 35 Ed Dept Rep, Decision No. 13,501, at *3).

We agree with defendant, however, that Supreme Court erred in granting plaintiffs' motion to the extent that they sought partial summary judgment on liability on the first two causes of action.  We therefore modify the amended order accordingly.  The first cause of action alleged that defendant breached paragraph four of the contract, but the contract further provides that CSAT's remedy for breach of that paragraph is to terminate the contract.  "Construction of an unambiguous contract is a matter of law" (*Beal Sav. Bank v Sommer*, 8 NY3d 318, 324), and "[t]he best evidence of what parties to a written agreement intend is what they say in their writing . . . Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [internal quotation marks omitted]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163).  Consequently, we conclude that the court erred in granting that part of plaintiffs' motion seeking partial summary judgment on the first cause of action, and we further conclude that defendant is entitled to summary judgment in its favor on that cause of action.  Although it does not appear that defendant specifically addressed this

issue in its cross motion, we may search the record notwithstanding that failure because that cause of action was the subject of plaintiffs' motion, which placed the issue before the motion court (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430; *Simet v Coleman Co., Inc.*, 42 AD3d 925, 927).  Upon exercising our power to search the record (*see* CPLR 3212 [b]; *see generally Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111-112), we grant summary judgment in favor of defendant dismissing the first cause of action, and we further modify the amended order accordingly.

The second cause of action alleged, inter alia, that defendant breached the contract by terminating it in the absence of any of the factors that would permit termination.  Plaintiff concedes, however, that defendant had the right to terminate the contract if it "determine[d] at any time that the provision of transportation as provided in this Agreement results in a potentially substantial burden (in the discretion of [defendant]) because of any other school or schools seeking transportation or payment for transportation in connection with a location outside of the corporate borders of the Buffalo City School District [hereafter, District]."  Plaintiffs, as the parties seeking summary judgment, had the burden of submitting evidence negating the existence of any triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  We agree with defendant that plaintiffs failed to establish as a matter of law that there was not a "potentially substantial burden" arising from requests by other schools for transportation.  Thus, we conclude that plaintiffs failed to meet their initial burden on the motion with respect to the second cause of action (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562), and we therefore further modify the amended order accordingly.  Contrary to defendant's contention, however, it failed to meet its similar burden on the cross motion (*see generally id.*), and thus the court properly denied that part of the cross motion seeking summary judgment dismissing the second cause of action.

Contrary to plaintiffs' contention on their cross appeal, the court properly granted those parts of defendant's cross motion for summary judgment dismissing the fifth and sixth causes of action.  In those causes of action, plaintiffs alleged that defendant's 2009 amendment to the transportation policy violated Education Law §§ 3622 and 3635 by providing transportation to students attending school within the District but refusing to transport CSAT students in like circumstances.  It is undisputed, however, that CSAT is located outside the District, and "students attending school outside the [D]istrict are not 'in like circumstances' with students attending school within the [D]istrict" (*Matter of Hatch v Board of Educ., Ithaca City School Dist.*, 81 AD2d 717, 717; *see O'Donnell v Antin*, 81 Misc 2d 849, 852, *affd* 36 NY2d 941, *appeal dismissed* 423 US 919; *Matter of Brown v Allen*, 23 AD2d 591, 591).  Thus, Education Law §§ 3621 (2) (a) and 3635 (1) (c) do not provide a basis for a cause of action against defendant.

Contrary to plaintiffs' further contention, the court also properly granted that part of defendant's cross motion for summary judgment dismissing the seventh cause of action, which alleged the

violation of the Open Meetings Law.  Defendant met its initial burden on the cross motion by establishing that its June 24, 2009 executive session was held for the purpose of receiving advice from counsel regarding pending litigation, which is permissible under the Open Meetings Law (*see* Public Officers Law § 105 [1] [d]; *Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 686).  Plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman*, 49 NY2d at 562).

With respect to the judgment in appeal No. 2, we reject defendant's contention that the court erred in denying its motion in limine prior to the trial on damages.  Defendant's motion to preclude plaintiffs from introducing any evidence with respect to damages was " 'the functional equivalent of a motion for partial summary judgment' " (*Scalp & Blade v Advest, Inc.*, 309 AD2d 219, 224-225; *see Rondout Elec. v Dover Union Free School Dist.*, 304 AD2d 808, 811), which was untimely (*see Ofman v Ginsberg*, 89 AD3d 908, 909).  Defendant failed to provide "a satisfactory explanation for the untimeliness" (*Brill v City of New York*, 2 NY3d 648, 652), and thus the court properly denied the motion.

In any event, we note in particular that the court properly denied defendant's motion in limine on the merits insofar as it sought to preclude plaintiffs from introducing evidence of damages incurred after January 11, 2011, the date on which both CSAT's charter and the contract would have renewed but for defendant's termination of the contract.  The court properly determined that plaintiffs were entitled to present evidence of damages that were the " 'natural and probable consequence[s] of [defendant's] breach' " (*Brody Truck Rental v Country Wide Ins. Co.*, 277 AD2d 125, 125, *lv dismissed* 96 NY2d 854; *see Kenford Co. v County of Erie*, 73 NY2d 312, 319).

Additionally, the court did not abuse its discretion in denying defendant's motion to preclude CSAT from presenting certain documents and the testimony of an expert witness due to untimely disclosure.  Initially, we note that defendant never made an expert witness demand under CPLR 3101 (d) (1) (i).  In any event, a court's broad discretion to control discovery should be disturbed only upon a showing of clear abuse of discretion (*see Roswell Park Cancer Inst. Corp. v Sodexo Am., LLC*, 68 AD3d 1720, 1721), and plaintiffs have made no such showing here.

Based upon our modification of the amended order, we remit the matter to Supreme Court for a trial on the issue of liability.  In the event that defendant is found liable at that trial, the damages award shall be reinstated (*see e.g. Brownrigg v New York City Hous. Auth.*, 70 AD3d 619, 622).

Entered:  April 26, 2013                        Frances E. Cafarell
                                                Clerk of the Court