CECILE T. BRINN, Appellant, *v.* SLAWSON & HOBBS, Respondent, et al., Defendants.

First Department, November 28, 1947.

*Martin Lippman* of counsel (*Stephen S. Bernstein* with him on the brief; *McLaughlin & Stern,* attorneys), for appellant.

*William Gilligan* for respondent.

SHIENTAG, J. The question presented on this appeal is whether the consent of a lessee for a term of years (in the case at bar the term expired three days after Special Term made its

decision) is necessary for the maintenance of an action by an owner of an undivided seven-eighths interest in fee against her cotenant in common for the partition of the property.

According to the complaint, plaintiff is an owner of an undivided seven-eighths interest in fee of premises 162 West 72d Street, and defendant Slawson & Hobbs is the owner of an undivided one-eighth interest in the fee as well as the tenant in occupancy. Plaintiff asks for partition and sale of the property.

Aside from certain sham denials, Slawson & Hobbs as a defense states that it occupied the property as tenant or lessee since 1910; that on August 1, 1938, it leased the property from the then owners of the fee for a term of three years ending August 1, 1941, and that such lease was thereafter renewed from year to year. On July 17, 1946, it acquired a one-eighth interest in the property "by deed from Esther B. White and Agnes White." Its lease of the property expired July 31, 1946, but was extended to August 1, 1947. It states that it has not consented, and refuses to consent, to the sale in partition.

On this state of the pleadings, plaintiff moved to strike out the denials as sham and for interlocutory judgment on the pleadings. The motion was denied on the ground that a partition may not be had without the consent of the actual party in possession. The defendant's motion for judgment on the pleadings was granted and the complaint dismissed against the defendant Slawson & Hobbs.

The Justice at Special Term relied on section 1014 of the Civil Practice Act which reads as follows: "§ 1014. *Action for partition by remainderman.* Where two or more persons hold a vested remainder or reversion as joint tenants or as tenants in common, any one or more of them may maintain an action for the partition of the real property to which it attaches, according to their respective shares therein, subject to the interest of the person holding the particular estate therein, but no sale of the premises in such an action shall be made except by and with the consent in writing, to be acknowledged or proved and certified in like manner as a deed to be recorded, of the person or persons owning and holding such particular estate or estates; and if in such an action it shall appear in any stage thereof that partition or sale cannot be made without great prejudice to the owners, the complaint must be dismissed. The dismissal of the complaint, as herein provided, shall not affect the right of any party to bring a new action after the determination of such particular estate."

This section was passed in 1887. At common law and under the Revised Statutes prior to 1887, the law governing the privilege to bring a partition action was set forth in what is now section 1012 of the Civil Practice Act as follows: " § 1012. *When action for partition may be brought.* Where two or more persons hold and are in possession of real property as joint tenants or as tenants in common, in which either of them has an estate of inheritance, or for life, or for years, any one or more of them may maintain an action for the partition of the property, according to the respective rights of the persons interested therein; and for a sale thereof, if it appears that a partition thereof cannot be made without great prejudice to the owners." (See *Mead* v. *Mitchell,* 17 N. Y. 210, 213; *Chew* v. *Sheldon,* 214 N. Y. 344, 348; *Deegan* v. *Deegan,* 247 App. Div. 340, 341.)

The distinction between the two sections has been misapprehended. Section 1014 is inapplicable to the situation here presented; it does not limit or restrict the right to partition under section 1012 of the Civil Practice Act. The purpose in passing section 1014 was not to define, as a reversioner or remainderman, a fee owner who happened to have leased his property. It was to give rights under certain conditions to technical reversioners and remaindermen which they did not have at common law. (See *Hughes* v. *Hughes,* 11 Abb. New Cases 37 [1882].)

Section 39 of the Real Property Law defines "reversion" as follows: "A reversion is the residue of an estate left in the grantor or his heirs, or in the heirs of a testator, commencing in possession on the determination of one or more particular estates granted or devised."

Possession is synonymous with the common-law word " seisin ": " Seisin means possession of the land by one having a freehold estate therein. An estate which under the common law before the Statute of Uses required the ceremony of livery of seisin in its creation, is a freehold estate, carrying with it the feudal incidents of tenure, as distinguished from a term of years which did not require livery of seisin, and which involved no feudal relation with the overlord. A tenant for years, therefore, is never seised, since he has no freehold estate. Livery of seisin was not made to him in the creation of his term. His possession is the seisin of his landlord * * *." (Walsh on Law of Property [2d ed.], § 102.)

The possession referred to in section 1012 " does not mean an actual physical possession only, but also that possession which follows the title " (*Bender* v. *Terwilliger,* 48 App. Div. 371, affd. 166 N. Y. 590; *Kellum* v. *Corr,* 209 N. Y. 486; *Brown* v. *Crossman,* 206 N. Y. 471).

It is obvious that Slawson & Hobbs as tenants have not seisin and never had it. They are not possessed of a freehold estate and the question of reversion and remainder does not arise in connection with them. Plaintiff and defendant Slawson & Hobbs are owners in common of the fee — a present estate in enjoyment, not in expectancy. Neither plaintiff nor Slawson & Hobbs has an estate in reversion or remainder. Accordingly, the consent of Slawson & Hobbs to a partition is unneceessary. Under section 1012 plaintiff has an absolute right to maintain this action and section 1014 does not and was not intended to limit it (*Valentine* v. *Healey,* 178 N. Y. 391, 396).

Nothing in this opinion is intended to affect the tenant's rights if any under the emergency rent laws.

The answer is sham; it raises no issue and should be stricken. Accordingly, the order below should be reversed, with $20 costs and disbursements to the appellant and plaintiff's motion for judgment on the pleadings granted. Plaintiff's motion to strike out the answer as sham is granted. Settle order providing that the case be remitted to Special Term for entry of appropriate interlocutory judgment after such hearing as may be necessary.

GLENNON, DORE and VAN VOORHIS, JJ. concur; PECK, P. J., dissents and votes to affirm.

Order reversed, with $20 costs and disbursements to the appellant and plaintiff's motion for judgment on the pleadings granted. Plaintiff's motion to strike out the answer as sham is granted. Settle order on notice providing that the case be remitted to Special Term for entry of appropriate interlocutory judgment after such hearing as may be necessary.