Max H. Galfunt, J.
The defendant has made an application to substitute the corporation, Marinas of the Future, Inc., doing business as World’s Fair Marina, as the defendant in place and stead of Kevin McCarthy. The application is granted.
This case appears to be one of the first impression. The waterway involved herein is Flushing Bay which is a navigable waterway, and is conceded to be such by the defendant.
The defendant was issued an appearance ticket for a violation of section 2251 of the Vehicle and Traffic Law, operating an unregistered and unnumbered boat. The facts reveal that this boat, which the defendant labels a “ work boat ”, was being operated within the confines of an area on Flushing Bay, allegedly leased to the defendant as a boat basin and marina by the City of New York. Subdivision 1 of section 2251 of the Vehicle and Traffic Law provides in pertinent part “ Every motorboat operated on the navigable waters of the state, or on any other waters within the boundaries of the state, except iwaters which are privately owned, shall be registered and nulmbered as hereinafter provided. No person shall operate or give permission for the operation of any such vessel on said waters unless it is registered and numbered in accordance with the provisions of this article and the identification number of such vessel is in full force and effect and displayed as hereinafter provided.”
The defendant contends that since this particular boat was only used within the confines of the marina, it was exempt from the statute’s requirement of registration because the waters of the marina are privately owned, the defendants having acquired possession via a lease from the City of New York.
The present statute, section 2251 of the Vehicle and Traffic Law, was derived from section 71 of the Navigation Law which provided in pertinent part, “ Effective January first, nineteen hundred forty-two, every mechanically propelled pleasure ves *145 sel operated on the navigable waters of the state shall be registered. There shall be displayed on each side of the bow of such pleasure vessel, an identification number to be assigned by the superintendent of public works. This shall not apply to vessels owned and ordinarily berthed without the state which are not operated in the navigable waters of the state for periods totaling more than ten days in any calendar year.”
The prior section, section 71 of the Navigation law, required every mechanically propelled pleasure vessel operated on navigable waters to be registered; there was no reference to privately owned waters. A close reading of the new section, section 2251 of the Vehicle and Traffic Law, indicates that the same requirement applies. The reference to “ privately owned waters ” applies only to “ other waters within the boundaries of the state ’ ’. The conjunction “ or ” in the statute separates the two requirements.
The body of water involved in this case, i.e., Flushing Bay, is a navigable waterway as contemplated by the statute, and has been conceded to be such by the defendant; therefore, the sole issue in this case is whether or not the defendant operated his boat upon ‘ ‘ privately owned waters ’ ’.
It has long been the law that navigable waters are public property held in trust for the people by the State. (Town of Brookhaven v. Smith, 188 N. Y. 74; Matter of Long Sault Development Co., 212 N. Y. 1; People v. Vanderbilt, 26 N. Y. 287.) The adjacent, or riparian, landowner has the right of access to the navigable waters, and may build wharves or docks, subject to the municipal regulations. (Town of Islip v. Powell, 78 Misc 2d 1007), (Shatz v. Guthrie, 132 N. Y. S. 2d 665), (Moyer v. State of New York, 56 Misc 2d 549), but may not build any structure that would interfere with the public’s right of use of navigable waters. (People v. Vanderbilt, supra.) The navigable waterway is akin to a public highway (Town of Hempstead v. Oceanside Small Craft Marina, 311 N. Y. S. 2d 668), and is subject to regulation by the State under its police powers even though the land underwater is privately owned (New York State Water Resources Comm. v. Liberman, 37 A D 2d 484).
Thus it is seen that navigable waters may not be privately owned in the sense that the public may be excluded from the free use thereof. In granting right to lands under public waters, the sovereign always does so with the limitation whether expressed or not, that its public functions and obligations in the waterway cannot be impaired. The State cannot yield this power of its sovereign and public obligation. (Niagara Falls
*146 Power Co. v. Duryea, 57 N. Y. S. 2d 777.) And further, the nature of the body of water remains unchanged, it is still a navigable waterway within the purview of the statute. In addition, in the instant case, the defendant has no property right of ownership in any event. The defendant is a lessee with the right of possession, not ownership (Brinm v. Slawson & Hobbs, 273 App. Div. 1; Fink v. Liberman, 183 N. Y. S. 693). The ownership still resides in the City of New York.
The privately owned waters which the statute exempts are the ponds, streams, or lakes which are wholly situated on land privately owned and from which the public may be excluded. It does not include 'Flushing- Bay or any portion thereof.
Accordingly, I find that the defendant was operating an unregistered motorboat upon navigable waters in violation of section • 2251 of the Vehicle and Traffic Law.