OPINION OF THE COURT
Edwin S. Shapiro, J.
Judgment in favor of plaintiff was granted by the court on May 14, 1980 after a trial before the court on May 5, 1980. Plaintiff’s cause of action was for the proceeds of defendant’s check in the amount of $320.25 which had been returned by Marine Midland Bank, the bank upon which it was drawn, for insufficient funds. The purported name of the defendant, according to the imprint on its check, was “Robert S. Douglas Company”. In an attempt to collect the judgment, a levy was made on the same checking account at Marine Midland Bank upon which the check in issue was drawn.
Plaintiff apprised the court on June 9, 1980 by oral and written application, on notice to the defendant, that the Marine Midland Bank apparently honored the levy to the extent of holding funds against the account in the amount of the levy but had not paid out the funds to the Sheriff *58 by reason of defendant’s principal’s claim that the account is in the name of “Robert S. Douglas Co. Inc.” rather than “Robert S. Douglas Company”, as imprinted on its checks.
The court treated plaintiff’s application as a motion to amend the caption to name Robert S. Douglas Co., Inc., nunc pro tune, and so advised the defendant, who appeared before the court on June 9, 1980, by its principal, Marvin Grober, when the application was made. The defendant was granted an opportunity to speak in opposition and also an additional week to submit a written response if it so desired. Although a written response was not received from the defendant, the court has fully considered the relative positions of the parties sua sponte in addition to the presentations of the parties, who were without counsel.
The court concludes that no substantial right of the defendant will be prejudiced by permitting amendment of the title of the action nunc pro tune pursuant to CPLR 2001. (Covino v Alside Aluminum Supply Co., 42 AD2d 77.) In fact, by the imprint on the check in issue, which was drawn on the same account upon which the levy was made, the defendant held itself out as “Robert S. Douglas Company” without the “Inc.” Moreover, at the trial of the action defendant’s principal, Marvin Grober, referred to the defendant as “the corporation” without objection that the “Inc.” was omitted from the title of the action and did not claim that the wrong party was named.
On June 9, 1980, the original return date of plaintiff’s application to amend, defendant’s principal, Marvin Grober, again acknowledged that he is the corporate principal. He also confirmed that Robert S. Douglas Company was a corporation since its inception, that there never was a “Robert S. Douglas Company” as such, that the missing “Inc.” on its checks was “inadvertently left off”, that he was “aware” that it was left off, and that at the time he was advised that “it didn’t make any difference”.
The court concludes that the corporation had due notice of this action, that it appeared herein and acknowledged its corporate existence both during and after the trial, and that, in any event, it is estopped to belatedly deny its true *59 identity upon the basis of a conscious misdescription of its own making.
It was reported to the court that defendant’s principal, Mr. Grober, contended in an ex parte communication to the clerk of the court that the judgment should be set aside (presumably pursuant to CPLR 321) on the ground that the corporation was not represented by an attorney. However, a corporation appearing and defending on the merits cannot move to set aside a judgment against it on the ground that the corporation was not represented by an attorney, for CPLR 321 “is not intended to penalize the adverse party for the corporation’s improper appearance”. (Cohn v Warschauer Sick Support Soc. Bnei Israel, 19 NYS2d 742, mot for lv to app den 259 App Div 914.)
It is hereby ordered that the title of the within action be and hereby is amended nunc pro tune as set forth in the caption of this decision and order. It is further ordered that the judgment heretofore entered, and the levy thereunder be deemed to also be so amended.