■ C.I.D. LANDFILL, INC., Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed petitioner's CPLR article 78 petition seeking to annul the imposition of a special permit condition requiring petitioner to pay a portion of the costs of an on-site environmental monitor. The Department of Environmental Conservation (DEC) has authority to impose any permit condition that is rationally related to protecting the environment *(see,* ECL 1-0101, 3-0301; 6 NYCRR 360-4.1 [a]; *Flacke v Onondaga Landfill Sys.,* 69 NY2d 355, 362). The DEC determination that an environmental monitor is required to mitigate petitioner's potential risk of environmental harm was rational and based on the nondiscriminatory application of established criteria. The imposition upon petitioner of a portion of the costs of an environmental monitor does not constitute an illegal tax because the condition has not been imposed to generate revenue or to offset the cost of governmental functions generally. The cost was assessed as a fee against petitioner to cover the specific costs of services rendered to petitioner *(see, Suffolk County Bldrs. Assn. v County*

*of Suffolk,* 46 NY2d 613, 618-619; *Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor,* 40 NY2d 158, 162). (Appeal from judgment of Supreme Court, Erie County, Ricotta, J.—art 78.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.