[618 NYS2d 142]

In the Matter of JOHN SALVADOR, JR., et al., Appellants, v STATE OF NEW YORK et al., Respondents.

Third Department, November 3, 1994

### APPEARANCES OF COUNSEL

*John Salvador, Jr.,* Lake George, appellant *pro se.*

*G. Oliver Koppell, Attorney-General,* Albany *(Lawrence A. Rappoport, Peter H. Schiff* and *Val Washington* of counsel), for State of New York, respondent.

*Paul B. Dusek, Town Attorney* for Town of Queensbury, respondent.

### OPINION OF THE COURT

MIKOLL, J. P.

The thrust of this litigation is primarily a challenge to certain laws (L 1979, ch 599; L 1987, ch 617) and regulations (6 NYCRR parts 645, 646) promulgated to implement the regulatory authority of respondent Lake George Park Commission (hereinafter the Commission) over vessels, wharfs, moorings and fee schedules set forth in ECL 43-0125, as well as the Commission's wastewater (6 NYCRR subpart 646-3) and stormwater (6 NYCRR subpart 646-4) authority conferred by ECL 43-0110 and 43-0112. Since 1973, petitioners have owned, operated and resided at Dunham's Bay Lodge situated on Lake George (hereinafter the Lake) and located entirely within the Town of Queensbury, Warren County. Petitioners claim ownership of submerged land beneath the waters of the Lake on which are located petitioners' docks, bulkheads, boathouse, bathing beach, and boat-servicing utilities and amenities. Petitioners further assert that all of these represent

inspected capital improvements that are included in the assessed valuation of their property.

In July 1988, the Commission and petitioners entered into an agreement by which petitioners agreed to pay $2,552.50 in annual fees for the 1,201 linear feet of commercially useable dock space they owned (see, 6 NYCRR 645-2.1 [f], [i] [2]; 645-7.6; ECL 43-0125 [2] [a]). Petitioners were also obligated to pay $50 for one mooring. Petitioners paid the full annual fee for 1988, 1989, 1990 and 1991. In 1992, however, petitioners requested a redetermination of the annual fee based on their ownership of the portion of the bed of the Lake on which their docks were located. Petitioners therefore sought to exclude the portion of their docks from the fees on which they had paid real property taxes to respondent Town of Queensbury. The Commission denied their appeal, ruling that ECL 43-0125 (2) (a) makes no distinction between lands held in private as opposed to public ownership. This CPLR article 78 proceeding/declaratory judgment action was thereafter commenced against the State, the Legislature, the Department of Environmental Conservation (hereinafter DEC), the Commission, the Comptroller (hereinafter collectively referred to as the State) and the Town.

The first, second, third and sixth causes of action set forth by petitioners allege that Laws of 1987 (ch 617) and Laws of 1979 (ch 599) were enacted in violation of their right to self-government under the home rule provisions of NY Constitution article IX and that the Town failed to protect these rights on their behalf. The fourth cause of action alleges that the schedule of user fees for commercial docks imposed by ECL 43-0125 (2) (a) as enacted by Laws of 1987 (ch 617) violates their right to equal protection. The fifth cause of action alleges that the enactment of Laws of 1987 (ch 617) effects a taking of private property without due process. Petitioners therefore asked that Laws of 1987 (ch 617), Laws of 1979 (ch 599) and the 1987 repeal and new enactment of ECL 17-1709 (3) be declared unconstitutional and void. They also requested that their 1988 fee agreement with the Commission be annulled and that all the fees they paid from 1988 through 1991 be refunded to them.

The State and Town each moved to dismiss the six causes of action for, inter alia, failing to state a cause of action. In particular, the State claimed that the contention raised in the sixth cause of action, attacking the enactment of ECL 17-1709 (3) in 1979, was moot. Petitioners did not respond directly to

the motions to dismiss but, rather, moved by order to show cause issued February 11, 1993 to, *inter alia,* (1) have respondents' motions to dismiss converted to motions for summary judgment, and (2) add a further cause of action against the Town. Petitioners did not argue the merits of the first five causes of action in their order to show cause but they did contend that the challenge to the enactment of ECL 17-1709 (3), alleged in the sixth cause of action, would not be moot if the 1987 repeal and new enactment of it were annulled.

■ Supreme Court dismissed the first, second, third and sixth causes of action for failure to state a cause of action, finding that the matters disputed therein were of State concern and, consequently, did not violate the home rule provisions of the NY Constitution. Supreme Court also dismissed the fourth cause of action for failure to state a cause of action, ruling that the constitutionality of the user fee schedule had been upheld in a prior action and petitioners did not distinguish it or show that it was wrongly decided. The dismissal of the fifth cause of action was based on petitioners' failure to present any support for their allegation that the user fees constituted a taking. Finally, petitioners' claims based on the State Finance Law were dismissed for lack of factual support and the added relief requested in the February 11, 1993 show cause order was dismissed for lack of merit and mootness. This appeal by petitioners ensued.*

■ The judgment of Supreme Court should be affirmed. We reject petitioners' contention that their first, second, third and sixth causes of action relate to matters of local concern only and are therefore special laws requiring a home rule message by the Town or the municipalities contiguous thereto and, in the absence of such message, the passage of Laws of 1987 (ch 617) in general, the enactment of 1979 (L 1979, ch 599), and the 1987 repeal and new enactment of ECL 17-1709 (3) (L

---

* [1] We note that, in their brief, petitioners have failed to present any arguments with respect to the propriety of Supreme Court's decision to deny the relief requested in their February 11, 1993 order to show cause. As such, any claims relating thereto are deemed abandoned *(see, Rabideau v Albany Med. Ctr. Hosp.,* 195 AD2d 923, 926, n; *First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901). Furthermore, to the extent petitioners now contend that the challenged laws should be annulled because they violate or are in conflict with the Public Lands Law, the Navigation Law and the Public Health Law, these arguments were not raised before Supreme Court and should therefore not be considered by this Court *(see, Matter of Town of Minerva v Essex County Indus. Dev. Agency,* 173 AD2d 1054, 1055, *lv denied* 78 NY2d 857).

1987, ch 617 § 10) by the Legislature violate the home rule provisions necessitating their annulment. The presumption that legislative enactments are constitutional obtains and such presumption will only be disturbed "by proof persuasive beyond a reasonable doubt" *(Hotel Dorset Co. v Trust for Cultural Resources,* 46 NY2d 358, 370; *see, City of New York v State of New York,* 76 NY2d 479, 485). The presumption also obtains that the Legislature made a sufficient inquiry into the existence of the necessary supporting facts as well as into the need for and desirability of the legislation *(Hotel Dorset Co. v Trust for Cultural Resources, supra,* at 370; *I. L. F. Y. Co. v Temporary State Hous. Rent Commn.,* 10 NY2d 263, 270, *appeal dismissed* 369 US 795).

The Legislature can only act by general law when acting with respect to the "property, affairs or government of any local government" (NY Const, art IX, § 2 [b] [2]). The quoted phrase, however, has been construed to mean that when a State concern is involved to a substantial degree, the State may legislate even though local concerns are also involved *(see, Wambat Realty Corp. v State of New York,* 41 NY2d 490, 493-494; *Adler v Deegan,* 251 NY 467, 491 [Cardozo, Ch. J., concurring], *amended* 252 NY 615). As long as "the subject matter of the statute is of sufficient importance to the State generally to render it a proper subject of State legislation * * * the State may freely legislate, notwithstanding the fact that the concern of the State may also touch upon local matters" *(Matter of Kelley v McGee,* 57 NY2d 522, 538; *accord, Matter of Town of Islip v Cuomo,* 64 NY2d 50, 56). This is so even when the legislation has a " 'direct effect on the most basic of local interests' " *(Matter of Town of Islip v Cuomo, supra,* at 57, quoting *Matter of Board of Educ. v City of New York,* 41 NY2d 535, 542). The record demonstrates that there are State concerns of sufficient importance to the State generally to sustain the enactment of the statutes in question, i.e., the protection of the Lake's water quality, the Lake's environs, which are natural resources of the State, and the regulation of these resources for public purposes. The protection of the Lake as an environmental resource of the State is also of State concern. Thus, the home rule provisions of NY Constitution, article IX, § 2 (b) (2) have not been violated by the enactment of these statutes.

■ We also reject petitioners' argument that the dock fees imposed under ECL 43-0125 (2) (a) violate their right to equal protection because the fees apply only to those engaged in

recreational boating (the owners of private docks and boats on the Lake) and not to other classes of users (homeowners and visitors to the Lake George Park [hereinafter Park] who do not have boats on the Lake) despite the fact that the other users also benefit directly and indirectly from the protection of the Park's "unique resources". Supreme Court, in dismissing the equal protection challenge, noted that similar issues were raised and rejected in *Empire State Mar. Trades Assn. v Lake George Park Commn.* (Sup Ct, Warren County, Mar. 17, 1989, Dier, J.), which declared that the fee schedules of ECL 43-0125 (2) and the implementing regulations (6 NYCRR 645-7.6, 645-7.7) were not violative of petitioners' due process and equal protection rights.

We note that the classification discussed is not a burden on fundamental constitutional rights nor does it create a suspect class. Thus, the rational basis test is the applicable standard of review *(see, Lovelace v Gross,* 80 NY2d 419, 427; *see also, United States v Sperry Corp.,* 493 US 52, 65). As the purpose of the Commission is to protect environmental resources and the public health and welfare, there is a rational basis for the users of the Lake's resources to pay a significant portion of the costs of regulation. In fact, ECL 43-0125 (3) enlarged the class of users of the resources of the Park so as to render more users subject to the fees then were previously covered by the statute. The boat and dock fees cannot be said to be unreasonable and irrationally imposed in the circumstances. Contrary to petitioners' further claims, there is a rational basis to charge higher fees on the owners of commercial docks than on owners of residential docks. "[C]ommercial facilities allow a greater number of boats to use the lake than do residential facilities" *(Empire State Mar. Trades Assn. v Lake George Park Commn., supra)* and they require additional facilities and parking space to accommodate those users increasing the costs of regulation.

◼ Also unpersuasive is petitioners' contention, advanced in their fifth cause of action, that Laws of 1987 (ch 617) and the regulations related thereto authorize a taking of their property, in the form of charges or fees, without due process as such fees are a lien or a tax on their private property causing a lessening in value without any compensation therefor. The fees imposed are not a lien or a tax since they are not imposed "to generate revenue or to offset the cost of governmental functions generally" *(C.I.D. Landfill v New York State Dept. of*

*Envtl. Conservation,* 167 AD2d 827, *lv denied* 77 NY2d 809), but are user fees imposed to reimburse the costs of government services *(see, Marshall County Bd. of Educ. v Marshall County Gas Dist.,* 992 F2d 1171, 1176; *see also, United States v Sperry Corp.,* 493 US 52, 63, *supra).*

There is also no merit to petitioners' further argument that because their docks, wharfs and moorings, unlike those owned by others, are located on private, albeit submerged lands, the diminution in value caused by the fees burdens them with a "navigational servitude" which constitutes an unlawful "taking". The navigational servitude does not arise because of the public ownership of lands under water but because of the common-law principle that the navigable waters of the State are held in trust by the State for the benefit of the people of the State, without regard as to who owns the banks and beds of the waterway *(see, Matter of Long Sault Dev. Co. v Kennedy,* 212 NY 1, 10, *writ of error dismissed sub nom. Long Sault Dev. Co. v Call,* 242 US 272). Thus, although land under a navigable waterway may be privately owned, it is still subject to regulation by the State *(see, People v McCarthy,* 80 Misc 2d 143, 145). "[P]rivate rights in submerged land must yield to a reasonable exercise of the dominant right of navigation" *(People v Kraemer,* 7 Misc 2d 373, 383; *see, New York State Water Resources Commn. v Liberman,* 37 AD2d 484, 488, *appeal dismissed* 30 NY2d 516). The navigational servitude over petitioners' submerged private lands did not result from the statute *sub judice,* but was always there.

Finally, petitioners' argument that they do not use any "unique resources of Lake George park" (ECL 43-0125 [1]) overlooks the fact that they are owners of a "regulated facility" which leases berths to boat owners who are guests of their lodge. Their docks enable the boat owners who lease from petitioners to enter upon and enjoy the Lake, which is a navigable waterway. Under all of these circumstances, Laws of 1987 (ch 617) does not authorize a taking without just compensation. Thus, their fifth cause of action was also properly dismissed.

We have considered petitioners' other arguments for relief and find them unpersuasive.

MERCURE, WHITE and CASEY, JJ., concur.

Ordered that the judgment is affirmed, without costs.