■ LAKE GEORGE PARK COMMISSION, Respondent, v JOHN SALVADOR, JR., et al., Doing Business as DUNHAM'S BAY LODGE, Appellants. [664 NYS2d 847] —Mikoll, J. P. Appeals (1) from a judgment of the Supreme Court (Moynihan, Jr., J.), entered July 22, 1996 in Warren County, which, *inter alia*, granted plaintiff's motion for summary judgment, and (2) from an order of said court, entered November 26, 1996 in Warren County, which, *inter alia*, denied defendants' motion for renewal.

The instant matter challenging certain laws and regulations promulgated to implement regulatory authority of plaintiff over vessels, wharfs, moorings and the imposition of fee schedules was previously before us (*see*, *Matter of Salvador v State of New York*, 205 AD2d 194, 197, *lv denied* 85 NY2d 810, *appeal dismissed* 85 NY2d 857).

The present proceeding was brought by plaintiff against defendants seeking an order directing defendants, *inter alia*, (1) to pay the regulatory fees assessed pursuant to ECL 43-0125 (2) (a) in 1992, 1993 and 1994, (2) to pay the penalties which had accrued monthly due to defendants' nonpayment of annual fees, and (3) to remove six-foot extensions on 25 finger docks until defendants obtained a permit authorizing the extensions. Defendants answered. Plaintiff then sought to amend its complaint to include annual fee and penalties for 1995, which was granted. Defendants served a verified answer which contained 23 affirmative defenses. Plaintiff moved for an order (1) conforming paragraphs 2, 8, 9, 10 and 20 of its amended complaint to the statements contained in paragraphs 5 and 15 of the affidavit of Michael White, plaintiff's executive director, to amend plaintiff's demand for dock and mooring fees from $2,602.50 to $3,646, (2) for summary judgment on each of its causes of action, and (3) for summary judgment dismissing each of defendants' affirmative defenses. Defendants, proceeding *pro se*, cross-moved to dismiss plaintiff's motion. Supreme Court granted plaintiff's motions and denied defendants' motion.

Supreme Court ruled that the constitutionality of the annual dock and mooring fees and their applicability to defendants had previously been upheld in *Matter of Salvador v State of New York* (*supra*, at 199-201). The court found that no issue as to defendants' ownership and operation of Dunham's Bay Lodge existed and that the Lodge's dock complex, boathouse and boat-servicing utilities constitute a "class A marina" under plaintiff's regulations. The court found that defendants' affirmative defenses were unpersuasive and meritless, that several were barred by res judicata in that they could have been raised in *Matter of Salvador v State of New York* (*supra*), and that defendants have failed to exhaust their administrative remedies as to other defenses and that those issues were not ripe for review. The court also ruled that defendants failed to raise a question of fact as to the amount of fees and penalties due.

A proposed judgment was submitted in June 1996 by plaintiff seeking, in addition, to amend its request to include annual fees and penalties for 1996. Supreme Court granted the motion to amend and ordered defendants to pay plaintiff $23,802.16 and to remove the unauthorized extensions of the finger docks. Defendants paid the judgment to Supreme Court on August 6, 1996 and the court stayed injunctive relief requiring removal of the dock extensions pending appeal.

In September 1996, defendants moved for renewal of their cross motion against plaintiff who responded. In their reply defendants, appearing by counsel, alleged additional arguments not included in their motion to renew and not raised by them in opposing plaintiff's motion for summary judgment. Plaintiff submitted a surreply. In an order dated November 26, 1996, Supreme Court denied defendants' motion to renew. These appeals ensued.

We reject defendants' contention that their motion to renew should be granted in the interest of justice because they proceeded *pro se* and were, therefore, not adequately represented. A *pro se* litigant acquires no greater rights than any other litigant (*see, Brooks v Inn at Saratoga Assn.*, 188 AD2d 921). Supreme Court properly denied defendants' motion to renew.

We find no merit in defendants' belated contention that the judgment entered should not bind Dunham's Bay, a subset of Dunham's Bay Resort Corporation. Defendants contend that Dunham's Bay is a corporation which was required to appear by counsel (*see*, CPLR 321). We note that defendants were sued individually and doing business as Dunham's Bay Lodge. Defendants admitted that they owned and operated Dunham's

Bay. It was Dunham's Bay which appeared as applicant in the 1993 fee redetermination. It was also Dunham's Bay which was named in the 1988 agreement fixing commercial dock fees. Defendants' failure to earlier raise this issue forecloses its determination at this point (*see, Matter of Gerdts v State of New York*, 210 AD2d 645, 646, *appeal dismissed* 85 NY2d 856, *lv denied* 85 NY2d 810). In addition, we reject defendants' argument in that: "a corporation appearing and defending on the merits cannot move to set aside a judgment against it on the ground that the corporation was not represented by an attorney, for CPLR 321 'is not intended to penalize the adverse party for the corporation's improper appearance'" (*King Shell Serv. Sta. v Douglas Co.,* 106 Misc 2d 57, 59, quoting *Cohn v Warschauer Sick Support Soc. Bnei Israel*, 19 NYS2d 742, *lv denied* 259 App Div 914).

Regarding defendants' challenge to the grant of summary judgment to plaintiff, we find that plaintiff sustained its burden establishing a prima facie entitlement to summary judgment by way of the affidavit of White, its executive officer. Defendants were required to come forward with evidentiary proof in admissible form sufficient to demonstrate a triable issue of fact (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065). Defendants did not submit proof of payment of fees and penalties assessed nor did they submit proof of error in computation. Defendants' answer interposing 23 affirmative defenses was directed to challenging plaintiff's underlying authority to collect the fees. In dismissing the defenses, Supreme Court relied on principles of res judicata and collateral estoppel. It is settled law that the doctrine of res judicata bars not only those claims actually litigated previously, "'but also those which [might] have been' raised in the former action * * * provided they arise from the same transaction or series of transactions" (*Moss v Medical Liab. Mut. Ins. Co.*, 224 AD2d 762, 763, quoting *Culver v County of Rensselaer*, 139 AD2d 853, 854-855, *lv denied* 72 NY2d 807). Under principles of collateral estoppel a party, or one in privity with a party, should not be permitted to relitigate an issue previously decided against it (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664). Defendants were the petitioners in *Matter of Salvador v State of New York* (205 AD2d 194, *supra*) at which time, among others, the Department of Environmental Conservation (hereinafter DEC) and plaintiff and the Town of Queensbury were respondents. Defendants are bound by that decision.

Addressing each affirmative defense ad seriatim, the first and second defense challenged dock and mooring fees on equal

protection grounds. Supreme Court found that relitigation thereof was barred because the claims could have been raised in *Salvador*. We concur.

As to defenses 3, 4, 7, 8, 12, 14, 16 and 21 challenging the authority of DEC to enact the regulations, Supreme Court properly barred their litigation on res judicata grounds as well. Each arose from the same series of transactions as were at issue in *Salvador*. DEC was a respondent in that proceeding and its authority to enact the regulations could have been challenged therein. Supreme Court was correct in barring them in this action.

As to defenses 5, 9, 10, 11, 13 and 18 which contest that defendants own a regulated facility under plaintiff's or DEC's regulations, these defenses were raised by defendants in *Salvador* and were rejected. Supreme Court thus properly dismissed them.

In affirmative defenses 3, 4, 7, 12 and 17, defendants challenge plaintiff's authority to regulate docks and marinas on Lake George and claim that such authority reposes in the State Office of General Services under the Public Lands Law. Supreme Court declined to consider this argument, noting that it had not been preserved for appeal. We find that res judicata precludes review of these defenses which could have been raised in *Salvador*.

Under affirmative defense 19, defendants contended that plaintiff violated their 4th Amendment right against unreasonable searches and seizures. Such contention is also foreclosed in that the issue could have been raised in *Salvador (supra)*, as the same underlying facts underlying this claim were in issue in that proceeding.

Under affirmative defenses 21, 22 and 23, defendants contend that DEC's regulations infringed on the authority of the Town of Queensbury in violation of the home rule provisions of NY Constitution, article IX, §§ 1 and 2 (b) (2) and a local law. This argument was rejected in *Salvador (supra)* and, thus, Supreme Court properly dismissed the defense as barred on res judicata grounds.

Finally, Supreme Court's finding that defendants failed to obtain a permit for the six-foot extensions should be affirmed as well as the court's order to remove same. Defendants do not dispute the fact that no expansion permit was ever secured. Defendants' belated interjection of the contention that no permit was required for such extensions is rejected. Defendants never raised the issue before plaintiff and have failed to exhaust their administrative remedies on the question.

White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment and order are affirmed, with costs.