◼ LAKE GEORGE PARK COMMISSION, Respondent, v JOHN SALVADOR JR. et al., Individually and as the Owners, Officers and Managers of DUNHAM'S RESORT CORPORATION, Doing Business as DUNHAM'S BAY LODGE, INC. and/or DUNHAM'S BAY BOAT AND BEACH CLUB, INC., et al., Appellants. [899 NYS2d 386]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Aulisi, J.), entered November 26, 2008 in Warren County, which assessed civil penalties against defendants upon a prior order of said court, and (2) from the judgment entered thereon.

Defendants have owned and operated a marina on Lake George in the Town of Queensbury, Warren County for many years.[1] The marina had been operated under a 1982 permit issued by the Department of Environmental Conservation (hereinafter DEC). When governmental oversight of marinas on Lake George was transferred from DEC to plaintiff in the late 1980s, a series of disagreements between defendants and plaintiff ensued. In earlier appeals, we upheld plaintiff's general regulatory authority (*Matter of Salvador v State of New York*, 205 AD2d 194 [1994], *appeal dismissed* 85 NY2d 857 [1995], *lv denied* 85 NY2d 810 [1995]), as well as specific regulations and fees as applied to defendants' marina including, as currently relevant, that a permit was required before extending their docks by six feet (*Lake George Park Commn. v Salvador*, 245 AD2d 605 [1997], *lv dismissed and denied* 91 NY2d 939 [1998]).

Although plaintiff had obtained regulatory oversight by 1988, it did not require defendants to apply for a new marina permit until 1996. Discussions regarding the marina permit were ongoing for well over a year, with defendants seeking to include the six-foot extensions they had made to their docks without a permit and add rentals of personal watercraft (commonly known as a jet ski). When plaintiff did not agree to these uses, defendants withdrew their permit application in September 1998 and took the position that they would simply continue to operate their marina under the 1982 DEC permit. Defendants refused to remove the extended docks, entered into an agreement allowing defendant William Robinson to run a personal watercraft rental business at the marina, and began construction of a boat

---

1. Defendant William Robinson, individually and doing business as Lakeside Boat Rentals, is not an owner of the marina and the claims against him were severed by Supreme Court in February 2007.

ramp without obtaining a permit from plaintiff despite being repeatedly notified by plaintiff of the necessity of a permit.

Plaintiff commenced this action in December 1998 and, after subsequent amendment, sought to compel defendants to apply for a permit to operate the marina, direct defendants to remove the six-foot dock extensions, prevent defendants from allowing personal watercraft rentals without a permit, enjoin construction of the boat ramp, assess civil penalties and require defendants to pay various regulatory fees. There were delays in the action caused by a federal action commenced by defendants against plaintiff. However, in a decision dated July 21, 2004, Supreme Court denied defendants' motion to dismiss and granted plaintiff summary judgment. The court, among other things, reinstated defendants' application for a marina permit, directed that the six-foot dock extensions be removed, enjoined rental of personal watercraft at the marina, enjoined construction of the boat ramp and stated that a civil penalty hearing would be conducted.

The penalty hearing was eventually conducted and, by decision and order entered in November 2008, Supreme Court assessed various penalties as follows: $297,000 for operating a marina without a permit from July 26, 2004 (five days after the court's decision granting plaintiff summary judgment) until April 7, 2007; $37,200 for failing to remove the six-foot dock extensions until May 30, 2008; $250 civil contempt for disobeying the court's order regarding the dock extensions; $5,000 for allowing personal watercraft rentals during two boating seasons; $8,500 for construction and use of the boat ramp without a permit; and $2,027 for failure to pay regulatory fees in 1999 and 2000. Although these assessments totaled $349,977, the judgment entered on the order was for $349,477, reflecting a mathematical error.[2] Defendant appeals.[3]

Initially, we find that Supreme Court properly granted plaintiff's motion for summary judgment regarding the various violations by defendants. With regard to the dock extensions, we had upheld an earlier ruling that ordered the removal of those structures (*Lake George Park Commn. v Salvador*, 245

2. In modifying the judgment herein, we will correct the mathematical error (*see* CPLR 5019 [a]).

3. We note that, as in the other case involving these parties currently before us (*Lake George Park Commn. v Salvador*, 72 AD3d 1245 [2010] [decided herewith]), we will, as requested by defendants, take judicial notice of the record from the other appeal when considering the arguments in this appeal (*see generally Oakes v Muka*, 56 AD3d 1057, 1059 [2008]; *Edgewater Constr. Co., Inc. v 81 & 3 of Watertown, Inc.*, 24 AD3d 1229, 1231 [2005]).

AD2d at 608), and defendants nevertheless failed to take such action. Defendants' effort to revisit the merits of that issue is precluded by res judicata and collateral estoppel. Plaintiff met its threshold burden on the remaining causes of action with various proof, including affidavits and documents, establishing that it had informed defendants that construction of a boat ramp required a permit and they nevertheless proceeded without one, defendants failed to pay regulatory fees in a proper fashion, defendants operated the marina without a permit issued by plaintiff, and defendants commenced and continued allowing personal watercraft rentals at their premises despite plaintiff's repeated warnings that a permit was required for such activities. Defendants failed to raise triable issues regarding such conduct and the legal arguments they advanced were without merit.

We turn to defendants' challenges to the civil penalties assessed by Supreme Court. The amount of a civil penalty for a violation rests within the broad discretion of the court so long as the reasons for the penalty are explained and the amount is not disproportionate to the offense (*see Tatta v State of New York*, 20 AD3d 825, 826 [2005], *lv denied* 5 NY3d 716 [2005]). The maximum penalty permitted for violating statutes or regulations enforced by plaintiff is $500 for each violation and $500 for each day the violation continues (*see* ECL 71-3303 [1]). Supreme Court explained its reasons for each penalty and, while the total penalty was significant, it was well below the maximum available under the statute. Moreover, as noted by Supreme Court, during the time that defendants operated the marina in violation of the pertinent statutes and regulations, they were receiving gross income from the marina far exceeding the total penalties imposed. We do, however, find some errors in the calculation of the penalties that require modification.

Supreme Court explained that the $297,000 penalty for operating a marina without a permit resulted from assessing a $500 daily penalty for each day of operation during a boating season from July 26, 2004 (i.e., five days after the court's decision granting plaintiff summary judgment) until April 7, 2007 (when defendants began operating under a permit issued by plaintiff). The court used the 200 days from (and including) April 15 to October 31 as the length of a boating season.[4] Defendants contend that the boating season used for the penalty should be shortened to May 15 to October 15. However, there is,

---

**4.** It merits noting that plaintiff had urged running the penalty from September 23, 1998 (when defendants withdrew their permit application), and assessing the penalty year-round rather than during the boating season as

as urged by plaintiff, support in the record for running the daily penalty for an even longer period than used by Supreme Court, and it was well within Supreme Court's discretion to frame the parameters of the season as it did. Accepting the court's methodology on this issue as reasonable and within its discretion, it nevertheless is apparent that a mathematical error was made. Defendants were in violation for 498 days, which, at $500 per day, calculates to $249,000. The amount assessed for operating without a permit will thus be reduced from $297,000 to $249,000.

With regard to the six-foot extensions, Supreme Court assessed a penalty of 10% of the maximum daily penalty for each day those extensions remained in place during a boating season from July 26, 2004 to May 30, 2008. Supreme Court acted within its discretion and arguably showed considerable leniency in light of the fact that we had upheld in 1997 an earlier order directing removal of the six-foot extensions (*Lake George Park Commn. v Salvador*, 245 AD2d at 608). Nevertheless, since the order entered on Supreme Court's July 19, 2004 decision specifically granted defendants until November 1, 2004 to remove the extensions, the commencement of the daily penalty should have been from November 1, 2004 rather than July 26, 2004. This is a period of 646 days assessed at $50 per day for a total of $32,300. Supreme Court's assessment of $37,200 will be reduced accordingly. We find defendants' remaining argument regarding the penalties unavailing.

Defendants' assertions that the penalties should have been imposed on only the corporate defendant and that plaintiff did not comply with statutory conditions when seeking a penalty in excess of $5,000 are unavailing for the reasons set forth in our decision in defendants' companion appeal (*Lake George Park Commn. v Salvador*, 72 AD3d 1245 [2010] [decided herewith]). The remaining issues asserted by defendants have been considered and found unpersuasive.

Cardona, P.J., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order and judgment are modified, on the facts, without costs, by reducing the total penalties assessed against defendants to $297,077, and, as so modified, affirmed.

used by Supreme Court. If accepted, this could have resulted in a penalty far exceeding a million dollars.