■ LAKE GEORGE PARK COMMISSION, Respondent, v JOHN SALVADOR, JR., et al., Individually and Doing Business as DUNHAM'S BAY BOAT AND BEACH CLUB and as DUNHAM'S BAY LODGE, et al., Appellants. [899 NYS2d 382]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Aulisi, J.), entered November 25, 2008 in Warren County, which assessed civil penalties against defendants upon a prior order of said court, and (2) from the judgment entered thereon.

Defendants John Salvador, Jr. and Kathleen Salvador own real property on the shore of Lake George that they lease to their wholly owned corporation (defendant Dunham's Resort Corporation), which operates a marina (Dunham's Bay Boat and Beach Club). In the summer of 2003, defendants constructed a floating structure (approximately 76 feet by 8 feet) that they affixed to their permanent docks and used as boat berths for members of the marina. The following spring, defendants added another such structure. Plaintiff notified defendants in early June 2004 that it considered the structures to be docks, that a permit was required before adding docks on the lake, and that they must remove the floating docks. Defendants responded by contending that the structures were not docks, but were boats or vessels and they refused to remove them.

Plaintiff commenced this action in June 2004 seeking injunctive relief and civil penalties. By order dated April 15, 2005 (and entered May 9, 2005), Supreme Court granted plaintiff's motion for summary judgment determining that the structures were docks. The court ordered defendants "to remove immediately their floating docks from Lake George." Defendants did not remove the two docks from the lake and its navigable tributaries (see 6 NYCRR 645-2.1 [cd]) and, in fact, added a third floating dock in late May 2005. Following a hearing on the issue of civil penalties as directed in the order entered in May 2005, Supreme Court did not impose any penalty for the period prior to the April 15, 2005 date of its decision or 10 days thereafter to afford ample time for defendants to have received notice of the decision. However, it imposed a penalty of $500 for each of the three violations and the maximum daily penalty of $500 per day for the period April 25, 2005 to October 14, 2005 for each of the two existing docks and May 31, 2005 to October 14, 2005 for the

added third dock, resulting in total civil penalties of $241,500. Defendants appeal.*

Initially, we find that, contrary to plaintiff's contention, defendants' appeal from the final judgment brings up for review issues implicated in Supreme Court's order entered in May 2005. That order, among other things, expressly contemplated further nonministerial proceedings to determine civil penalties. It was thus nonfinal and reviewable in the appeal from the subsequent final judgment (*see* CPLR 5501 [a] [1]; *Burke v Crosson*, 85 NY2d 10, 15 [1995]; *Rybicki v Beltrone Constr. Co./McManus, Longe, Brockwehl*, 199 AD2d 706, 707 [1993]).

We are unpersuaded, however, that Supreme Court erred in determining that the disputed structures were docks and not boats or vessels. The ECL and plaintiff's regulations prohibit the construction of a dock or wharf without a permit (*see* ECL 43-0117 [4]; 6 NYCRR 646-1.1 [a] [1]). A wharf is defined as "any structure or device built or used as a berthing place for vessels" (6 NYCRR 645-2.1 [cf]) and docks are defined as "a wharf or portion of a wharf extending from or along the lakefront" (6 NYCRR 645-2.1 [p]). Plaintiff submitted affidavits establishing, and photographs clearly depicting, that the disputed structures were docks being used to berth boats. Plaintiff's position regarding the structures was consistent with the regulatory language as well as common understanding of what constitutes a dock. No substantial factual issues requiring a trial were set forth by defendants and thus summary judgment was properly granted.

Defendants contend that the penalties should have been limited to the corporate defendant and not extended to the individual defendants. This argument was not raised before Supreme Court and, accordingly, was not properly preserved for our review (*see State of New York v Williamson*, 8 AD3d 925, 929 [2004]). In any event, the individual defendants, among other things, were the sole owners and officers of the corporation, they were personally involved in the construction and installation of the floating docks, and they had commenced several proceedings in their individual names challenging plaintiff's various actions as to the marina. This record supports assessing penalties against all defendants (*see* ECL 71-3303 [1]; *see gener-*

---

* We have, as requested by defendants, taken judicial notice of and considered the record in *Lake George Park Commn. v Salvador* (72 AD3d 1219 [2010] [decided herewith]), which involves the same parties and another enforcement action (*see generally Oakes v Muka*, 56 AD3d 1057, 1059 [2008]; *Edgewater Constr. Co., Inc. v 81 & 3 of Watertown, Inc.*, 24 AD3d 1229, 1231 [2005]).

*ally Matter of Colella v New York State Dept. of Envtl. Conservation*, 196 AD2d 162, 169 [1994]; *Matter of Jackson's Marina v Jorling*, 193 AD2d 863, 866 [1993]).

Next, we find unavailing defendants' argument that reversal is required because plaintiff did not comply with conditions set forth in ECL 71-3305 (3) when seeking a penalty in excess of $5,000. Under ECL 71-3303 (1), a civil penalty can be assessed by either "[plaintiff] after an opportunity to be heard, or by the court in any action or proceeding initiated by the [A]ttorney [G]eneral in the name of [plaintiff]." Where plaintiff seeks to assess a penalty in an administrative proceeding, the procedures of ECL 71-3305 (3) and, concomitantly, ECL 71-1709 apply. However, where, as here, an action is commenced by the Attorney General in Supreme Court, the procedures of ECL 71-3305 (3) do not apply. Nor is there any statutory requirement that plaintiff pursue an administrative proceeding before an action may be commenced in court.

Turning to the issue of the amount of the civil penalty imposed, "a court has broad discretion in choosing the amount of such a penalty so long as the court explains its choice and it is not disproportionate to the offense" (*Tatta v State of New York*, 20 AD3d 825, 826 [2005], *lv denied* 5 NY3d 716 [2005]; *see Matter of People v Applied Card Sys., Inc.*, 41 AD3d 4, 10 [2007], *affd* 11 NY3d 105 [2008], *cert denied sub nom. Cross Country Bank, Inc. v New York*, 555 US —, 129 S Ct 999 [2009]). Although Supreme Court noted its skepticism regarding the sincerity and reasonableness of defendants' position that the floating docks were vessels not subject to plaintiff's regulation, it nevertheless assessed no penalty for the lengthy period of time prior to its April 2005 ruling on that issue, during which defendants made use of two of the floating docks. The court also assessed no penalty during the 10 days after its ruling to ensure adequate notice and opportunity to act in compliance therewith. However, thereafter defendants not only continued to keep the two floating docks in the lake and its navigable tributaries, but also added a third floating dock. While the amount of the penalty imposed was significant, it was considerably less than authorized by statute (*see* ECL 71-3303 [1]) and, under the circumstances, fell within Supreme Court's discretion.

We have considered the remaining issues asserted by defendants and find them unavailing.

Cardona, P.J., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order and judgment are affirmed, without costs.