State of New York v C & J Enters., LLC (2020 NY Slip Op 00024)





State of New York v C & J Enters., LLC


2020 NY Slip Op 00024


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

528403

[*1]State of New York et al., Respondents,
v
C and J Enterprises, LLC, et al., Appellants.

Calendar Date: November 12, 2019

Before: Garry, P.J., Egan Jr., Lynch and Aarons, JJ.


Young/Sommer LLC, Albany (Kevin M. Young of counsel), for appellants.
Letitia James, Attorney General, Albany (Morgan Costello of counsel), for respondents.



Lynch, J.
Appeal from an order and judgment of the Supreme Court (O'Connor, J.), entered April 12, 2018 in Albany County, which, among other things, granted plaintiffs' motion for partial summary judgment.
From 1996 until 2015, defendant C and J Enterprises, LLC (hereinafter C & J) owned and operated Deerfield Estates Mobile Home Park (hereinafter the park) in the Town of Perth, Fulton County. C & J had two members, defendant James P. Burr and Charles A. Glessing, with equal ownership interests. C & J's operating agreement named Burr as managing member (see Limited Liability Company Law §§ 401, 417). In June 1998, Burr applied for and subsequently obtained a State Pollutant Discharge Elimination System (hereinafter SPDES) permit from plaintiff Department of Environmental Conservation (hereinafter DEC) to operate a sewage treatment system at the park, which included approximately 43 residential sites. That permit expired on January 1, 2004 and was never renewed by DEC. In the meantime, after DEC investigated and discerned numerous sewage surface discharges in violation of the SPDES permit and ECL 17-0803, DEC and C & J entered into an order on consent in October 2003, signed by Glessing. That order imposed a civil penalty and required C & J to correct the wastewater treatment system. An order on consent modification between DEC and C & J was executed in November 2003 by Burr. By December 2003, C & J installed an interim sand filter system, but problems persisted.
In early October 2008, C & J and DEC entered into a second order on consent that superceded the 2003 order. Burr signed this second order as C & J's "managing agent." This order included a schedule of compliance requiring C & J to complete a new wastewater treatment system by April 1, 2009. The order further specified that, effective October 7, 2008, if the interim system failed to meet the required interim discharge limits, C & J was required to "immediately cease all discharges from the wastewater treatment and collection system" and utilize a "hold and haul" system, by which the wastewater would have to be trucked off site. Notably, this order included a schedule of stipulated per diem penalties in the event that C & J failed "to strictly and timely comply with any provision of this [o]rder." The stipulated penalties were to be imposed on a graduated schedule, starting at $100 a day for 10 days, increasing to $250 a day for the next 20 days and thereafter imposed at a rate of $1,000 a day. The violations continued and defendants did not complete construction of a new sewage treatment system until June 2010. In particular, by notice dated November 6, 2008, DEC informed defendants that a site inspection revealed surface discharges in violation of the 2008 order. As a result, DEC directed defendants to operate "a 'hold and haul' system until further notice." Defendants failed to do so, only utilizing the required "hold and haul" system during a brief period in June 2009.
Plaintiffs commenced this action in April 2010, asserting that defendants failed to comply with the 2008 consent order and seeking stipulated penalties as against defendants on a joint and several basis. Issue was joined and, in 2015, the park was sold. A year later, Glessing passed away.[FN1] Thereafter, Supreme Court granted plaintiffs' motion for partial summary judgment, finding, as pertinent here, that both Burr and C & J were jointly and severally liable for violations of the 2008 consent order, and imposed a stipulated penalty as calculated pursuant to the order. For the delay in completing the system, the court imposed a penalty measured from the April 1, 2009 completion deadline to the commencement of the action on April 23, 2010. For the failure to implement a "hold and haul" system, the penalty was measured from the November 6, 2008 notice date through the commencement of the action. Together a total penalty of $858,650 was imposed. Defendants appeal.
This appeal centers on the imposition of personal liability against Burr for the violations of the 2008 order. Defendants maintain that Supreme Court erred in holding Burr accountable under the responsible corporate offices doctrine for two fundamental reasons. First, defendants emphasize that only C & J was a party to the consent order and that, under basic contract principles, Burr could not be held accountable. Second, defendants maintain that Burr could not be held accountable as a corporate officer because he lacked the ability to prevent the violations. We find neither contention persuasive.
Under Limited Liability Company Law § 609, a member of a limited liability company is generally not liable for the contractual obligations of the company. The 2008 order on consent, however, is not merely a contractual obligation. It is also an administrative order, the violation of which is subject to statutory enforcement (see ECL 71-1929). This Court has recognized that a responsible corporate officer may be held personally liable for violations of consent orders issued by DEC that implicate public health and safety (see Matter of Carney's Rest., Inc. v State of New York, 89 AD3d 1250, 1253-1254 [2011]; see also Lake George Park Commn. v Salvador, 72 AD3d 1245, 1247-1248 [2010], lv denied 15 NY3d 712 [2010]; State of New York v Markowitz, 273 AD2d 637, 641 [2000], lv denied 95 NY2d 770 [2000]; Matter of Jackson's Marina v Jorling, 193 AD2d 863, 866 [1993]). Individual liability may be imposed where the corporate officer has the knowledge of and ability to prevent or remedy a violation that presents a public health hazard (see United States v Park, 421 US 658, 672 [1975]). In Matter of Carney's Rest., we upheld a finding of personal liability against the sole officer and shareholders of a corporate entity for SPDES violations involving a restaurant's sewage disposal system (Matter of Carney's Rest., Inc. v State of New York, 89 AD3d at 1253-1254). We emphasized that the individual owner knew about the system failures and, despite repeated requests by DEC, failed to take timely steps to remedy the situation (id.). The same holds true here.
There can be little dispute that Burr was well aware of the ongoing sewage violations at the park, and, as managing member, he held a position of authority to address the problem. In particular, the 2008 consent order, which Burr signed on C & J's behalf, expressly provided for stipulated penalties in the event that C & J "fail[ed] to strictly and timely comply." The order further specified that it was binding on C & J and its officers. In the event that C & J was unable to meet the requirements of the order, the governing schedule directed C & J to surrender its SPDES permit and operate only a "hold and haul" system. Upon doing so, C & J was required to "immediately notify, in writing, the [park's] tenants and [plaintiff Department of Health] of its intention to close [the park]." By its terms, the consent order outlined the various options available to Burr — timely remediate the system, convert to a "hold and haul" system or close the park. Although Burr maintains that he lacked the financial means to timely implement the first two options, closure of the park remained an available, acknowledged option.
As such, we conclude that Supreme Court did not err in holding Burr personally liable under the responsible corporate officer doctrine. Although the financial penalty is substantial, it is particularly egregious that defendants disregarded DEC's November 6, 2008 directive to immediately implement a "hold and haul" system to alleviate ongoing surface sewer discharge. Given the extended history of violations and the many opportunities that DEC accorded defendants to remedy the violations, we cannot say that the penalty imposed constituted an abuse of discretion (see Matter of Carney's Rest., Inc. v State of New York, 89 AD3d at 1254-1255).
Garry, P.J., Egan Jr. and Aarons, JJ., concur.
ORDERED that the order and judgment is affirmed, without costs.



Footnotes

Footnote 1: Glessing was originally named as a defendant, but the parties stipulated to discontinue the action against the Glessing estate.